But later (folio 46) he corrected this and said:

"This money belonged to us both. * * * This money was in the possession of my brother, and he gave it to Gottila to send to my father, so that he could purchase property over in Ventimiglia for our account for both of us. It was both my money and his money."

Following the rule of construction above stated, for all purposes of this appeal the later testimony must prevail.

[2, 3] The evidence shows that the receipt for the money was given by the banker in the name of the plaintiff. This is strong evidence that the contract was made in the plaintiff's name for the joint interest of both him and his brother. The learned trial justice has held that the receipt was not a contract, and that parol evidence could be introduced to show who the real parties to the contract were. While this is undoubtedly a sound proposition of law, the facts disclosed by the record in no way contradict or rebut the presumption which arises, from the giving and taking of the receipt, that it was the intention of the parties that the contract be made in the name of this plaintiff, and that legal title to the money and obligation to transmit it should be in him for the benefit of both. This being the case, the plaintiff was entitled to sue and recover upon it in his own name as a trustee of an express trust within Code of Civil Procedure, § 449. Parker v. Paine, 37 Misc. Rep. 768, 76 N. Y. Supp. 942; Considerant v. Brisbane, 22 N. Y. 389. And he could sue and recover without alleging the trust, as his representative capacity in no way appeared in the receipt. Weed v. Hamburg-Bremen Fire Ins. Co., 133 N. Y. 394, 31 N. E. 231.

The judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

(156 App. Div. 869.)

CLARKSON v. TINKHAM et al.

(Supreme Court, Appellate Division, First Department. May 29, 1913.)

1. PARTIES (§ 76*)—OBJECTION—DEMURRER.

Demurrer to the complaint, on the ground that plaintiff cannot maintain the action in his capacity of liquidator of a bank, is bad; he not suing by virtue of his office, but describing himself as liquidator, because to him in such capacity was transferred the certificate of stock on which right to maintain the action is based.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 117–121; Dec. Dig. § 76.*]

2. CORPORATIONS (§ 320*)—ACTIONS AGAINST OFFICERS—PLAINTIFFS.

In a stockholder's action against the officers and directors and the majority stockholder of the corporation for an accounting for the wrongs and damages done to the corporation by means of the acts and conspiracy of defendants, complaint being made of the releasing of I. from his contract to advance money to the corporation, it is no ground for making plaintiff, in his capacity of assignee of T., a party, because his stock was transferred to him by T.; any further property interest of T. in the I. contract ceasing, so far as appears, on his making the transfer, and the provision of the I. contract that I. should not be released from his obligation to make the advancement without T.'s consent, being personal to

T., making T., and not his assignee, if either, a necessary or proper party.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. § 320.*]

3. PARTIES (§ 88*)—MISJOINDER OF PLAINTIFFS—GROUND FOR DEMURRER.

Where the complaint states a cause of action in favor of plaintiff only in his capacity of liquidator, it is ground for demurrer that he is made plaintiff not only in this capacity, but in the capacity of assignee of T., and no less so if his description as assignee be treated as descriptio personæ and surplusage.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 145–147; Dec. Dig. § 88.*]

4. CORPORATIONS (§ 320*)—ACTIONS AGAINST OFFICERS—COMPLAINT—CAPACITY TO SUE.

As one, to maintain an action against the directors and officers of a corporation for wrongs done it, must be, if not a stockholder of record, at least the owner or holder of a certificate for shares under such circumstances as to give him a right to have them transferred to him on the books of the company, the complaint in such an action, merely alleging that plaintiff, as liquidator of a bank, recovered from T., and now holds by assignment from T., a certificate for shares in the corporation, is insufficient.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. § 320.*]

Ingraham, P. J., dissenting in part.

Appeal from Special Term, New York County.

Action by Geoffrey T. Clarkson, liquidator of the Farmers' Bank of Canada and as assignee for the benefit of creditors of W. H. Travers, suing for himself as stockholder and all other stockholders of the Valveless Inner Tube Company in like situation who choose to make themselves parties to the action, against Ernest W. Tinkham and others to secure "an accounting against the defendants, who are the Valveless Company's officers, and the Walpole Rubber Company, its majority stockholder, for the wrongs and damages which have been done to the Valveless Company by means of the acts and conspiracy of the defendants"; complaint being made, among other things, of the release of defendant Tinkham from his contract to advance $100,000 to the Valveless Company. From two orders sustaining demurrers of defendants Edward P. Metcalf and the Walpole Rubber Company to the complaint, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Hugh H. Bayne, of New York City, for appellant.
Francis D. Pollak, of New York City, for respondents.

HOTCHKISS, J. [1] (1) In his capacity as liquidator, plaintiff does not sue by virtue of his office, but because it was in such capacity that the certificate of stock of the Valveless Company was transferred to him, and he is alleged to have legal title thereto. For this reason, the demurrer to his capacity to sue as liquidator is bad.

(2) No ground is shown for making plaintiff a party in his capacity as assignee of Travers. It appears from the complaint that the only

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

interest Travers had in the matter in controversy arose from his ownership of the 2,450 shares of the Valveless .Company stock, which shares plaintiff has acquired as liquidator. Having transferred his shares, Travers, so far as shown, ceased to have any further property interest in the subject of the Tinkham contract, and plaintiff, as assignee, holds nothing from him. But appellant argues that plaintiff, as assignee of Travers, is a proper party to the action (and as such may as properly be joined as plaintiff, as a defendant), because of the provision of the Tinkham contract to the effect that Tinkham was not to be released from his obligation to advance the full amount of $100,-000 without Travers' consent. Manifestly this provision, making Travers a sort of arbiter of the circumstances under which Tinkham could be released, was personal to Travers, and did not pass by assignment. If, therefore, by virtue of this provision, anybody was a necessary, or even a proper, party, it was Travers, and not his assignee. Because no cause of action is stated in favor of plaintiff as assignee, the joinder of plaintiff in that capacity with plaintiff as liquidator was good ground for demurrer. Havana City Ry. Co. v. Ceballos, 49 App. Div. 263, 63 N. Y. Supp. 417. If we treated plaintiff's description as assignee as mere discriptio personæ and surplusage, he would be in no better position; for no cause of action is alleged in his favor personally.

(3) Does the complaint state any cause of action? The allegation is:

"That plaintiff as such liquidator has *recovered* from Travers, and now *holds* by assignment from said Travers, *a certificate* for 2,450 shares in the capital stock of the Valveless Inner Tube Company."

Concededly, such an action as the present cannot be maintained by one not a stockholder. Whether he must be a stockholder of *record* is a mooted question. It was so held in Heath v. Erie Ry. Co., 8 Blatch. 347, Fed. Cas. No. 6,306, and Brown v. Duluth R. R. Co. (C. C.) 53 Fed. 889. To the contrary is Ervin v. Oregon Ry. & Nav. Co., 62 How. Prac. 490, strongly in support of which may be cited the words of Rapallo, J., in McNeil v. Tenth Nat. Bank, 46 N. Y. 325, 331 (7 Am. Rep. 341), where it was said:

"It has also been settled, by repeated adjudications, that, as between the parties, the delivery of the certificate, with assignment and power indorsed, passes the entire title, legal and equitable, in the shares, notwithstanding that, by the terms of the charter or by-laws of the corporation, the stock is declared to be transferable only on its books; that such provisions are intended solely for the protection of the corporation, and can be waived or asserted at its pleasure, and that no effect is given to them except for the protection of the corporation; that they do not incapacitate the shareholder from parting with his interest; and that his assignment, not on the books, *passes the entire legal title to the stock*, subject only to such liens or claims as the corporation may have upon it, and excepting the right of voting at elections," etc.

The same result was reached by Vice Chancellor Pitney in O'Connor v. International Silver Co., 68 N. J. Eq. 67, 59 Atl. 321, affirmed by the Court of Errors and Appeals, 68 N. J. Eq. 680, 62 Atl. 408. See, also, cases cited in 3 Cook on Corporations (6th Ed.) 2434, 2435. It is unnecessary in this case to express an opinion on the main question;

for we are satisfied that, if not a stockholder of record, it at least must appear that plaintiff is the *owner* or *holder* of a certificate for shares under such circumstances as give him a right to have them transferred to him on the books of the company. This the complaint fails to do. It is not alleged that plaintiff was a stockholder, or even the owner or holder of shares. Nor does it appear for what purpose he "recovered" the certificate from Travers, or that it was assigned to him under circumstances giving him the right to have the shares represented thereby transferred to him. As was said by Comstock, J., in Emery v. Pease, 20 N. Y. 62, 64:

"We are required and we are always inclined to give a liberal and benign construction to pleadings under the present system; but if a party either ignorantly or willfully will omit the very fact on which his case depends, and will content himself with averring evidence inconclusive in its nature, he must take the consequences of his error if objection be made at the proper time."

The demurrer being good upon the grounds above mentioned, it is not necessary for us to determine whether the complaint shows that the plaintiff suffered damage from the acts complained of.

The orders should be affirmed, with $10 costs and disbursements to each respondent, with leave to the plaintiff to amend on payment of costs in this court and in the court below.

SCOTT and DOWLING, JJ., concur. CLARKE, J., concurs in result.

INGRAHAM, P. J. I concur with Mr. Justice HOTCHKISS that there is no ground for making the plaintiff a party in his capacity as "assignee of W. H. Travers," but I do not think on this complaint that this is an objection to the plaintiff's maintaining a cause of action, if he alleged one in any other capacity. In the complaint he described himself as liquidator of a Canada bank and also as assignee of Travers. If he owned this stock in any capacity, he was entitled to maintain such an action as the ownership of the stock conferred upon him. Whether he held it as assignee of Travers or as liquidator, or in any other capacity, it added nothing to his cause of action to describe the capacity in which he owned the stock, and I think the court would have had the power, on the trial, to strike out the words "assignee of Travers" as mere surplusage. The complaint did not attempt to set up two causes of action, one based upon the plaintiff's ownership of the stock as liquidator and one as the assignee of Travers. What the complaint sought was to enforce a right which vested in him as the owner of the stock, and I agree with Judge HOTCHKISS that it was at least necessary for him to allege such facts as established such ownership as would entitle the plaintiff to a judgment requiring the defendant to transfer to him the stock the title to which he claimed. But whether his source of title was through Travers or through the bank was quite immaterial, and therefore his alleging that he sued as liquidator and as assignee of Travers was not a ground of demurrer, either as an improper joinder of causes of action, or as a failure to allege facts sufficient to constitute a cause of action. I quite agree with Mr. Justice

HOTCHKISS that there is no fact alleged in this complaint which would show that Travers had any cause of action to enforce the claim alleged in this complaint, and that therefore no cause of action vested in the plaintiff by virtue of the assignment from Travers; but as plaintiff does not seek to enforce any cause of action that did vest in Travers, a mere incorrect recital that he sued as assignee of Travers would not make the complaint demurrable, if it had appeared that he, individually, was the owner of the stock in question, and as such entitled to maintain the action.

Upon the other grounds stated, I concur in the affirmance of the orders appealed from.