FREDERICK S. TAGGART, Individually and as Executor of and Trustee under the Last Will and Testament of FRANK A. TAGGART, Deceased, Appellant, *v.* FRANCIS DRAZ & COMPANY and Others, Respondents.

First Department, November 27, 1914.

Pleading — parties plaintiff — suit brought individually, as executor and as trustee — action for damages — sale induced by misrepresentation — misjoinder of parties plaintiff and causes of action — complaint not stating cause of action against corporation.

A plaintiff cannot sue individually, as executor and as trustee, to recover damages by reason of the alleged misrepresentation of the defendant whereby he was induced, either individually, as executor or trustee, to sell certain stocks for an inadequate consideration. This, because there . is both a misjoinder of parties plaintiff and a misjoinder of causes of action, for the acts of the plaintiff individually, as executor and trustee gave rise to three separate and distinct causes of action. The plaintiff, when acting in one capacity, could not have been acting in the others.

Although such complaint may state a cause of action against persons indi-
vidually and as sole surviving directors of a corporation, also made
defendant, no cause of action is stated against the corporation itself
unless facts be stated showing that it, either directly or by fair infer-
ence, shared in the purchase.

APPEAL by the plaintiff, Frederick S. Taggart, individually
and as executor and trustee, etc., from an order of the Supreme
Court, made at the New York Special Term and entered in the
office of the clerk of the county of New York on the 2d day of
July, 1914, denying plaintiff's motion for judgment on the
pleadings, after demurrers had been filed to the complaint.

*Robert B. Knowles*, for the appellant.

*George P. Hotaling*, for the respondents.

Order affirmed, with ten dollars costs and disbursements, on
the opinion of LEHMAN, J., at Special Term, with leave to
plaintiff to serve amended complaint on payment of costs in
this court and in the court below.

Present — INGRAHAM, P. J., McLAUGHLIN, CLARKE, DOWL-
ING and HOTCHKISS, JJ.

The following is the opinion of the court below:

LEHMAN, J.:

The plaintiff sues, individually and as executor of and trus-
tee under the will of Frank A. Taggart, for damages suffered
by reason of the alleged misrepresentations made by the
defendants Eschwege and Draz, individually and as sole sur-
viving directors of the corporate defendant, whereby they
induced the plaintiff to sell, individually and as executor and
trustee, certain shares of the stock of the corporate defendant
for an inadequate consideration and to execute and deliver to
them an assignment in blank of the said shares, and a further
paper in blank whereby he released as executor and trustee all
his right, title and interest in and to said shares. The defend-
ants have demurred to this complaint on the grounds that
there is a misjoinder of parties plaintiff, that causes of action
have been improperly united and that the complaint does
not state facts sufficient to constitute a cause of action. It

appears that the title to the shares alleged to have been assigned vested in the plaintiff as executor, and that unless there has been a division of the estate and a setting apart of the securities to the legatees the plaintiff, as executor, is vested with a cause of action for damages suffered by reason of the fraud by which the transfer of these shares by such executor was secured. In such an action it may be that the plaintiff, individually and as trustee, would have some interest in the cause of action by reason of his ultimate right to the shares as legatee under the will and might, therefore, be a proper, though not a necessary, party to the action. In the view which I take of the complaint, however, this question does not arise in this action and need not be considered by me, for the complaint does not merely make the plaintiff, individually and as trustee, party to a cause of action arising by reason of the acts of the executor, but it alleges that these acts were performed by the plaintiff either individually and as executor and trustee or as executor and trustee, and seeks damages for these acts. Any acts of the plaintiff, individually and as executor and as trustee, would seem to give rise to three separate and distinct causes of action, for in so far as he was acting as executor he could not have been acting individually and as trustee. While undoubtedly the complaint fails to set forth a complete cause of action in either of the latter capacities, the pleader seems to have realized that there was a distinction in these capacities, and seems to have at least made some attempt to set forth separate causes of action. This would seem especially true of the allegations of the plaintiff's acts as an individual, which seem somewhat clearly differentiated from his acts as executor and trustee. It follows, therefore, that the demurrer should be sustained on the grounds that there is a misjoinder of parties plaintiff and a misjoinder of causes of action. I also think that while the complaint sets forth a good cause of action against the individual defendants, it fails to set forth a cause of action against the corporate defendant. The theory of the action seems to be that the plaintiff is entitled to the difference between the actual value of the shares of stock and the price at which it was secured by reason of the alleged misrepresentations. In order to hold the

corporate defendant in such an action the complaint must allege either directly or by fair inference that the corporation itself shared in the purchase. There is no direct allegation to this effect, and I do not think that the facts stated gave rise to such an inference. The complaint does not even state that the corporation had a surplus from which it could purchase the stock without a breach of the Penal Law.* It is true that the complaint states that the stock was in fact worth $141.15 per share, but the value given may well be due to earning capacity and not to surplus, especially as the complaint states that the plaintiff was ignorant of its earning capacity. The allegations of the complaint from which I am asked to infer that the corporation was interested in the purchase are only statements that the assignment and release in blank were delivered to these defendants and paid for by checks of the corporation. In the absence of a statement of the nature of the delivery all of these statements are, in my opinion, insufficient to allow any inference that the corporate defendant obtained or was intended to obtain any title to this stock. Motion is, therefore, denied, with ten dollars costs, and with leave to serve an amended complaint within ten days upon payment of costs.