SILVERMAN-MENDELSON, INC., Landlord, *v.* MALCO TRADING CORPORATION, Tenant, and " JOHN DOE," Name Being Fictitious, Party Intended Being the Tenant in Possession of Delicatessen Store in Premises 1620 Kings Highway.

Municipal Court of New York, Borough of Brooklyn, Eighth District, February 10, 1932.

*Samuel Goldstein* and *Robert Feingold* [*Samuel Goldstein* of counsel], for the landlord.

*Marks & Marks* [*Isaac Marks* of counsel], for the tenant.

HEARN, J.   This is a summary proceeding, instituted to dispossess the tenant and under-tenants from the premises known as Nos. 1620, 1624, 1626, 1628 Kings highway, in the borough of Brooklyn, city of New York, for the non-payment by the tenant of rent in the sum of $1,166.66, which became due December 1, 1931, pursuant to the terms of a written lease.

The answer contains certain denials, as well as a defense and counterclaim alleging that the landlord unlawfully converted and appropriated to its own use and benefit, without the knowledge and consent of the tenant, and in violation of the terms of the lease, $12,500, the property of the tenant, which had been deposited as security by the tenant with the landlord, pursuant to the terms of said lease; and the tenant demands judgment for such sum, less the December rent.

Upon the trial the tenant admitted the non-payment of the rent and the demand therefor, and adduced evidence to show that at the time of the institution of this proceeding, and on the date of trial, the landlord's balance in the bank wherein said sum of $12,500 had been deposited, was $137.73.

All the clauses involved in the controversy between the parties

to this proceeding are as follows: " The tenant has this day deposited with the landlord herein the sum of Twelve thousand five hundred ($12,500) Dollars as security for the faithful performance of and compliance with all the terms, covenants and conditions of the within lease contained.

" It being expressly understood and agreed that if the tenant fails to comply with each and every term and condition of this lease for the failure of the payment of rent, taxes, insurance, or is dispossessed therefrom or abandons the same prior to the expiration of this lease, then in that event said sum of Twelve thousand five hundred ($12,500) dollars herein deposited as security shall belong to the landlord as fixed, liquidated and agreed damages in payment of such disbursements, costs and expenses that it may incur and undergo for the purpose of regaining possession of such premises and the parties hereto agree to treat such deposit as liquidated damages in payment of such costs, disbursements and expenses which the landlord would sustain in the event of any breach or violation hereby of the tenant, it being expressly understood that upon the landlord's holding and retaining the said securities for the payment of such costs, disbursements and expenses that it may have been put to, that the same shall not in any manner be considered as payment for any rents due or to become due by reason of these presents or in any manner release the tenant therefrom, from such rents to be paid or from any of the obligations herein assumed by the tenant.  It being further understood and agreed that if the tenant fails to comply with each and every other term, covenant and condition of the lease during the life of this lease, then in that event the landlord shall apply such sum and part of the deposit of Twelve thousand five hundred ($12,500) Dollars would adequately pay for the damages sustained for such breach or violation by the tenant.

" It is understood and agreed that the landlord herein shall pay to the tenant herein the sum equal to four and one-half per cent per annum as interest upon the security of $12,500.00, or any other sum held by it as security which was deposited with it, to be computed from the date of the deposit to the date of its return, which interest is to be payable semi-annually.

" It is understood and agreed that in the event there is any dispute arising out of the return of security, or as to the amounts due, then in that event this entire matter shall be and the same is hereby referred to a Board of Arbitration, which Board shall consist of three men, one picked and chosen by the landlord, the other by the tenant, and the third shall be picked and chosen by the aforementioned two, and the decision of the majority shall

be the decision of the entire Board and final, and the landlord shall six months before the termination of this lease deposit in escrow with a Trust Company or Savings Bank, the sum of money then on deposit with the landlord as security and shall remain in such Savings Bank or Trust Company until the aforementioned Board of Arbitrators decides the matter referred to them, and upon the termination of this lease and a final determination of the Board of Arbitrators that part of the monies on deposit that the tenant shall be entitled to, will be turned over by the landlord to the tenant herein, and the landlord shall give notice of such deposit to the tenant."

The first question presented for the court's determination herein is: What are the rights, liabilities and relationship of the parties under the provisions of this lease. with respect to the fund deposited as security thereunder?

In my opinion, when a tenant deposits moneys with a landlord under a lease, as security for his performance of the terms thereof, in the absence of a specific agreement to the contrary, the relation between the tenant and landlord is that of pledgor and pledgee. The title to the deposit remains in the tenant, and the landlord has a special property right therein, to wit, the possession of the same, under the terms of the lease. If the principal amount of the deposit is increased by interest, or any other accrual, such interest or accrual belongs to the tenant as an incident to his title to the money, unless it is expressly agreed to the contrary. Although a pledgee cannot be held to be a trustee in the strict sense, such as would bind him by the laws applicable to investments by trustees, nevertheless, the relationship between pledgor and pledgee is a fiduciary relationship, or quasi-trust relationship, so that any increment earned would belong to the tenant, and not to the landlord. The mere agreement, however, to pay a specified or fixed rate of interest will not in itself change the relationship from pledgor and pledgee into either one of debtor and creditor or into one of trustee and *cestui que trust*, but such fact may be considered with all the other circumstances to determine the exact agreement between the parties.

From the language of the aforementioned clauses in this lease, I find that title to the fund deposited as security thereunder remained in the tenant and that the relationship that existed with respect to said fund was that of pledgor and pledgee, and the landlord after depositing said fund in its bank account, having reduced said account by withdrawals for its own use, to the sum of $137.73, without the knowledge and consent of the tenant, converted said fund. (*Matter of Atlas*, 217 App. Div. 38.)

The provision as to deposit of the security in escrow with a trust company or savings bank six months prior to the expiration of the lease in no way affects the relationship of pledgor and pledgee, but merely specifies a particular depositary for the fund then on deposit with the landlord.

The second question involved is whether the tenant is required to submit its claim of conversion of the security to arbitration under the provision of this lease. I find, from the language of the clause relating to arbitration, that the intention of the parties was that at the date fixed for the expiration of said lease, in the event a dispute arose as to the return of the deposit, the parties hereto were then to submit that dispute to arbitration. The clause, therefore, has no application concerning a conversion of the deposit.

Under the authority of *Matter of Byrne* v. *Padden* (248 N. Y. 243) and *Citro* v. *Citro* (No. 131, January, 1932, Term, A. T. Second Dept.) this court has jurisdiction of the counterclaim.

The tenant, therefore, is entitled to a dismissal of the complaint and judgment on its counterclaim in the sum of $11,195.61, which is the difference between $12,500, deposited with the landlord, less $1,166.66, the rent due, and $137.73, the amount on deposit at the time of the trial.

Judgment will be entered accordingly.