MALCO TRADING CORPORATION, Respondent, *v.* MENDELSON-SIL-VERMAN, INC., and Others, Defendants, Impleaded with MARCUS J. FEDERMAN, Appellant.

MALCO TRADING CORPORATION, Respondent, *v.* MENDELSON-SIL-VERMAN, INC., Appellant, Impleaded with MARCUS J. FEDERMAN and Others, Defendants.

MALO TRADING CORPORATION, Respondent, *v.* MENDELSON-SILVER-MAN, INC., and Others, Defendants, Impleaded with ROBERT FEINGOLD, Appellant.*

First Department, February 2, 1934.

* Affd., 264 N. Y. 651.

*Abraham H. Sarasohn*, for the respondent.

*Milton Paulson* of counsel [*Blumberg & Parker*, attorneys for the appellant Marcus J. Federman; *Robert Feingold*, attorney for the appellant Mendelson-Silverman, Inc.].

TOWNLEY, J. This action was brought by a tenant against its landlord to impose a lien on certain rents which had been paid by it under a lease and which were, under a special agreement, to be held in escrow by the defendants Marks & Marks and Feingold pending the determination of two summary proceedings in the Second Department. In these proceedings the tenant interposed counterclaims for the recovery of the deposit on the theory that the landlord held such deposit as trustee and that it had converted the same by commingling it with other funds and by the dissipation of them. These summary proceedings terminated, after being litigated from the Municipal Court through the Appellate Term and the Appellate Division, Second Department, to the Court of Appeals, in favor of the landlord (*Mendelson-Silverman, Inc.,* v. *Malco Trading Corp.,* 142 Misc. 636; 146 id. 215; affd., 238 App. Div. 852; affd., 262 N. Y. 621).

The present complaint sets out the making of the lease on July 15, 1929, and pleads concerning the deposit as follows:

" IV. On or about the said 15th day of July, 1929, pursuant to the terms of said written agreement plaintiff deposited with the said defendant Mendelson-Silverman, Inc., the sum of Twelve Thousand Five Hundred ($12,500) Dollars, as security for the faithful performance by it of and compliance with all the terms, covenants and conditions of said written agreement, that if plaintiff fails to comply with each and every of the terms, covenants and conditions of said written agreement for the failure of the payment of rent, taxes and insurance, or if the plaintiff is dispossessed from the demised premises or abandons the same prior to the expiration of said lease, then and in that event such sum of Twelve Thousand Five Hundred ($12,500) Dollars deposited as security as aforestated, shall belong to said defendant Mendelson-Silverman, Inc., as fixed, liquidated and agreed damages in payment of such disbursements, costs and expenses, that said defendant may incur or undergo for the purpose of regaining possession of such premises.

" V. The legal relationship created by said written instrument between plaintiff and said defendant Mendelson-Silverman, Inc.,

in respect to said sum of $12,500 was that of pledgor and pledgee, and said defendant never acquired title to said sum of $12,500 or right to dispose of the same, or mingle it with its own funds, or with other funds; and it was the duty of said defendant Mendelson-Silverman, Inc., as pledgee and trustee of the said deposit of $12,500 to keep said fund intact as a special deposit in a banking institution or invested in such securities as those in which trustees are permitted by statute to invest trust funds; and to hold said monies as a trust fund intact as aforesaid, for use to compensate the said defendant Mendelson-Silverman, Inc., for any default of said plaintiff, or in the absence of any default on the part of plaintiff, to return the same to the plaintiff at the expiration of the term of letting specified in said written agreement."

The complaint then proceeds to allege a misappropriation of the deposit and the facts concerning the two summary proceedings which were started and which led to the making of the escrow agreements and the deposits thereunder. It is to be noted that the moneys paid under the escrow agreement to Marks & Marks provided for the payment of the sums deposited to the landlord "in the event that the final determination of said proceeding shall be in favor of the landlord." Similarly, under the agreement with Feingold, the money was to be held " pending the final determination " of that summary proceeding.

The complaint then states that there was an assignment to the defendant Federman by the landlord of all its rights in the money held by Marks & Marks and Feingold. It is pleaded that the assignments to Federman were made without a fair consideration and while the landlord was insolvent. The legal effect of the two escrow agreements is then pleaded as follows:

" XI. By the said two respective stipulations aforementioned, it was agreed between said plaintiff and defendant Mendelson-Silverman, Inc., and it was their intention, that plaintiff herein shall have. a lien upon the said sums of money deposited or to be deposited under said two respective stipulations to the extent of the sum of $12,500 the amount deposited by them as security with the said defendant Mendelson-Silverman, Inc., as set forth in paragraph ' IV ' of this complaint."

There is a second cause of action setting out that the tenant is entitled to $12,500 deposit money because its lease had been interfered with by a receiver in a foreclosure proceeding on the property. The receiver demanded rent from subtenants. This, it is alleged, constituted an interference with the tenant's quiet enjoyment.

As to the first cause of action, two points are manifest: (1) That any right to impose a lien on the money in escrow must depend upon the terms of the escrow agreement itself; and (2) any claim to a recovery of the deposit must depend upon the terms of the lease itself. As pleaded, the escrow agreements without qualification directed the payment of the moneys to the landlord in the event that the summary proceedings in the Second Department terminated in the landlord's favor. The legal effect of these escrow agreements as set out in paragraph XI, quoted above, is not admitted by the defendants on a motion under rule 106 of the Rules of Civil Practice. As was said by Mr. Justice O'MALLEY in *Sonino* v. *Magrini* (225 App. Div. 536, 539): "The plaintiff's rights must rest upon the writing which passed between the parties. We must construe it as it is found and not according to the legal effect which the pleader places upon it; and if there be variance between the contract and the allegations of the complaint, the former must control. (*Rubin* v. *Siegel*, 188 App. Div. 636; *Queen* v. *Benesch*, 191 id. 83.) " Accordingly, since the escrow agreements contemplated no lien, the conclusion of the pleader cannot improve the plaintiff's position.

The same reasoning governs the allegation of this complaint concerning the deposit. The plea of the legal conclusion in paragraph "V," quoted above, is of no avail to the plaintiff.

"By making this motion the defendant admitted all the facts alleged and such inferences as could be fairly drawn from them. It does not, however, as contended by plaintiff, admit any of the conclusions nor does it admit the correctness of any inference drawn by the pleader from the facts alleged. (*Greeff* v. *Equitable Life Assur. Society*, 160 N. Y. 19.) " (*Maylender* v. *Fulton County Gas & Electric Co.*, 131 Misc. 514, 518.)

Paragraph "IV" clearly states that the deposit was the ordinary deposit habitually made under leases which contain no special agreement concerning the keeping of the money so deposited in trust. Accordingly, the rule of *Levinson* v. *Shapiro* (238 App. Div. 158; affd., 263 N. Y. 591) applies. In that case this court held that in order to create a relationship of pledgor and pledgee or trustee and *cestui* as contrasted with the relation of debtor and creditor, there must be plain words showing an intention to create that relationship. If no such words occur, the relationship must be deemed to be that of debtor and creditor. (See, also, *Jahmes Co., Inc.,* v. *Propper*, 238 App. Div. 326.) Moreover, the Court of Appeals has so construed this very lease.

Plaintiff admits that the result of the litigation of the counterclaim in the summary proceedings was the holding that there

was a debtor and creditor relationship until within six months of the expiration date of the lease, July 31, 1952. But the claim is made that because of the intervening insolvency of the landlord, the tenant must be given a lien upon the rents paid in escrow or it will in fact never recover any of this large sum deposited. The mere fact that as the result of the creation of a debtor-creditor relationship, the creditor may be able to collect nothing from the estate of the insolvent is in itself no reason for granting a lien on a specific fund which may be subject to the claims of other general creditors. The first cause of action fails wholly for want of equity.

As for the second cause of action, the appointment of a receiver in foreclosure and his demands against the subtenants did not constitute an interference with the quiet enjoyment of the premises. Such an interference does not take place until an actual foreclosure sale. (See *Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285; *Prudence Co.* v. *160 W. 73d Street Corp.*, 260 id. 205.) The second cause of action is accordingly insufficient in law.

There is a third appeal (3466) involving the denial of an order to dismiss this same complaint on the ground that the matters set up therein were previously adjudicated. It is unnecessary to decide to what extent the complaint was bad because of this prior adjudication in view of our holding herewith that the complaint should be dismissed for the failure to state a cause of action.

The orders (3467, 3468) denying the motions to dismiss the complaint should be reversed, with twenty dollars costs and disbursements, and the motions granted.

The appeal (3466) from the order denying the motion to dismiss the complaint because of a prior adjudication should be dismissed, with twenty dollars costs and disbursements.

FINCH, P. J., MERRELL, MARTIN and GLENNON, JJ., concur.

Appeal (3466) dismissed, with twenty dollars costs and disbursements to the respondent.

Orders (3467, 3468) reversed, with twenty dollars costs and disbursements, and motion granted.