42ND STREET FOTOSHOP, INC., et al., Plaintiffs, *v.* WEIMET FILM Co., INCORPORATED, et al., Defendants.

Supreme Court, Special Term, New York County, December 1, 1954.

*Sol A. Herzog, Archer Scherl* and *Samuel L. Brennglass* for defendants.

*Lazarus Joseph, Eugene J. Morris* and *Fritz W. Alexander, II,* for plaintiffs.

MATTHEW M. LEVY, J. This motion (pursuant to rule 106 of the Rules of Civil Practice) is made by all of the defendants to dismiss for insufficiency on its face the first cause of action pleaded in the supplemental complaint. The corporate defendants additionally move (in pursuance of the same rule) to dismiss the cause of action on the ground that in any event it fails to set forth facts sufficient to state a cause of action against them.

The complaint pleads three counts, the first of which (in behalf of Marcus, the individual plaintiff) is alone the subject of this motion to dismiss. The complaint therein purports to state a cause of action for damages for deceit. It is predicated upon fraudulent misrepresentations alleged to have been made in connection with the negotiation of an agreement providing for the sale of certain corporate stock. The issue on the first branch of the motion is whether the cause of action is the individual plaintiff's or whether it belongs to the plaintiff corporation, 42nd Street Fotoshop, Inc. If the latter, the pleading insofar as attacked is insufficient.

I have come to the conclusion that the application to dismiss should be denied, as I believe the cause to be adequately pleaded. But I do not rest my determination upon the principal opposition urged by the respondent. '' Piercing the corporate veil '' is not an open sesame to disregarding the corporate entity on every occasion. The facts, the nature of the action or defense and the relief requested must all be taken into account, and in proper perspective (cf. *Sasmor* v. *V. Vivaudou, Inc.,* 200 Misc. 1020). I agree with the moving parties here that the naked

circumstance that the individual plaintiff is the sole stockholder of the plaintiff corporation would not, under the facts alleged in the complaint, give him personally the cause of action pleaded or justify suing in his own name. On the contrary, I hold that although the individual plaintiff is the sole stockholder of the corporate plaintiff, that in itself does not give him the right to sue for a wrong done to the corporation. Any damages for fraud in the sale of the stock belonging to the corporation are recoverable by it and not by its stockholder (*Clarkson* v. *Walpole Rubber Co.*, 156 App. Div. 869).

I hold that the cause of action as pleaded is sufficient upon another ground. While certain clauses in the agreement annexed to the pleading would of course be controlling in any conflict with the conclusory allegations of the complaint (*Malco Trading Corp.* v. *Mendelson-Silverman, Inc.*, 240 App. Div. 322, 325, affd. 264 N. Y. 651), that principle is inapplicable here. True, the agreement seems to give credence to the view that it was the plaintiff corporation (rather than Marcus) which sold the stock to the defendants. But it is alleged in the pleading that it was Marcus, the individual plaintiff, who owned the stock, and that as a result of having been deceived it was this plaintiff who was induced to execute and who executed the agreement pursuant to which he sold the shares to the defendants. It may thus be within the purview of the complaint that, while the individual plaintiff was really the shareholder and was the person defrauded, the assignment of his stock to the corporation and the transfer of that stock by the corporation to the defendants were all part of the same transaction, integrated in the single agreement which is the subject of attack. In such circumstances the loss was the individual plaintiff's and the transfer of the stock by him to the corporation which he controlled was an intermediate step in the transaction assailed, with the corporation a mere instrumentality of ultimate conveyance. That is a matter for proof upon the trial. I hold that the plaintiff Marcus states a sufficient first cause for action in the supplemental complaint, however inartistically it may seem to have been framed (*Bentrovato* v. *Crinnion,* 206 Misc. 648, 655).

That branch of the motion as seeks to dismiss the first cause of action for insufficiency at the behest of the corporate defendants must also be denied. This phase of the application involves another issue entirely — whether the cause of action is sufficiently pleaded as against the defendants, Weimet Film Co., Inc., and Weimet Camera Corporation, rather than as against the defendants, Weiss and Metzler. In most of the complaint

the onus for the claimed fraud is placed upon the individual defendants. But it is alleged (perhaps not too vigorously, but adequately enough) that the corporate defendants participated in the conspiracy and reaped the benefit of the asserted misrepresentations. It appears from the complaint that Weiss and Metzler, stockholders, directors and officers of the corporate defendants, '' were in complete and absolute charge of the management of the business of said corporations and wholly controlled and directed the corporate actions and activities of said corporations '', and that Weiss and Metzler made misrepresentations to the respondent-plaintiff so as to induce the sale '' to them '' (as I read it, meaning to all of the defendants) of his shareholdings in the corporate defendants. The complaint then goes on to allege that '' As a result of having been thus deceived plaintiff was induced to execute and executed an agreement dated June 25, 1951 with the defendant corporations [the agreement heretofore referred to] pursuant to which plaintiff sold, transferred and assigned to [defendant] Weimet Film the shares of stock in said corporation owned by him * * * and sold, transferred and assigned to [defendant] Weimet Camera the shares of stock in said corporation owned by him ''. From that agreement (a copy of which is annexed to the complaint), it appears that the corporate defendants were signatories thereto and were vendees of the stock belonging to the plaintiff Marcus, and were direct beneficiaries of the fraud allegedly perpetrated upon him. I do not think that, because under the agreement the certificates of stock thus transferred (the subject matter and proceeds of the fraud) were held in escrow for the time being, rather than having been immediately delivered to the defendant corporations, the latter are not to be cast in damages for the fraud committed by them. That feature of the transaction is, it seems to me, merely a matter of mechanics to secure performance, and not a matter of substance vitiating the corporate participation in the fraud. *Taggart* v. *Draz & Co.* (166 App. Div. 381) is not a holding to the contrary.

Nor do I think it fatal to the cause of action set up against the corporate defendants that it is not expressly asserted in the complaint that the persons in complete domination of the corporate affairs did not, in making the representations, act with authority from the corporations or within the scope of their employment. Here, perhaps the precept to be invoked is not only that of '' piercing the corporate veil '' (so as to hold a corporation liable for the wrong done by an individual), but also by what I shall call the ethical principle of not inequitably

"spreading a protective cloak" over the individual (so as to immunize the corporation which he controls from legal responsibility for the wrong done and resulting in its benefit).

The motion to dismiss the first cause of action pleaded in the supplemental complaint is denied in its entirety. Order signed.