42ND STREET FOTOSHOP, INC., et al., Respondents, *v.* WEIMET FILM CO., INCORPORATED, et al., Appellants.

First Department, November 29, 1955.

*Ferdinand Pecora* of counsel (*Stuart G. Schwartz* with him on the brief; *Schwartz & Frohlich,* attorneys), for appellants.

*Eugene J. Morris* of counsel (*Robert D. Levin* with him on the brief; *Lazarus Joseph,* attorney), for respondents.

*Per Curiam.* The first cause of action of the complaint alleges that the individual plaintiff, as a result of fraudulent misrepresentations made to him by the individual defendants, sold certain shares of stock he owned to the corporate defendants at depressed prices. The agreement of sale attached to the complaint, however, recited that the shares of stock in question, while issued originally to the individual plaintiff, had been assigned to the corporate plaintiff, and that the corporate, not the individual, plaintiff agreed to sell such stock. Plaintiffs seek to explain this inconsistency between the complaint and the attached agreement on the theory that the conveyance of stock was in reality a direct transfer from the individual plaintiff to the corporate defendants, with the plaintiff corporation employed merely as a convenient instrumentality for an intermediate conveyance.

The individual plaintiff was sole owner of all stock issued by the corporate plaintiff; but plaintiffs do not claim that his status as stockholder gives him a derivative cause of action for any tortious injury done to the corporation (*Niles* v. *New York Central & Hudson Riv. R. R. Co.,* 176 N. Y. 119; *Smith* v. *Hurd,* 53 Mass. 371; *Louis J. Sigl, Inc.* v. *Bresnahan,* 216 App. Div. 634). They contend that the injury in this case was suffered

directly by the individual plaintiff in the fraudulently induced sale of stock owned by him. Plaintiffs also hint that the intermediate conveyance was induced by defendants as one aspect of the fraud that pervaded the entire transaction.

If the theory of plaintiffs is that the corporation was used merely as an instrumentality of the ultimate conveyance, and that its use as one of the mechanics of transfer does not affect the true ownership of the stock, they should. plead such facts clearly and unmistakably, so that defendants may know the nature of their claim at the outset of the litigation. It may be that the stock ownership, as claimed by the plaintiffs, can be distilled from a close reading of the complaint and annexed agreement; but other theories of ownership and transfer may likewise be spelled out of the complaint in its present form. When, as here, the actual facts of ownership and transfer may be pleaded simply and easily, defendants should not be put to the hazard of guessing as to which of several theories they will be required to contend with as the litigation progresses.

The order should be reversed and the first cause of action dismissed, with leave to replead.

PECK, P. J., BOTEIN, RABIN, Cox and BERGAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants, and the motion to dismiss the first cause of action of the supplemental complaint granted, with leave to replead.