■ RAY O. EVANGELISTA, Respondent, v. JOHN LONGO et al., Appellants.— In an action by a minority stockholder of Queens Structure Corporation, in his individual capacity, against other stockholders individually who constitute its officers, directors and attorney, to recover damages by reason of their misconduct in wrongfully removing him as an officer, director and employee of the corporation, in wrongfully withholding the declaration of dividends and in wasting and diverting the corporation's assets, the defendants appeal from an order of the Supreme Court, Queens County, dated December 14, 1960, which denied their motion, under rule 106 of the Rules of Civil Practice, to dismiss the complaint for patent insufficiency. Order reversed, with $10 costs and disbursements, and motion granted, with leave to plaintiff, within 20 days after entry of the order hereon, to serve an amended complaint, if so advised. The present complaint alleges that defendants illegally conspired to remove plaintiff as a corporate officer, director and employee, and to deprive him of the income from the stock he owned. The complaint also charges misappropriation of corporate funds and a waste of corporate assets. The complaint, however, fails to show the violation of any right in the plaintiff to be an officer, director or employee of the corporation. In any event, the claims of wrongdoing by the defendants against the corporation may not be redressed in a suit by a stockholder in his individual capacity but must be brought in the name of the

corporation, since the damages, if any, belong to the corporation (*Greenfield* v. *Denner*, 6 N Y 2d 867, revg. on dissenting opinion in 6 A D 2d 263; *Gordon* v. *Elliman*, 306 N. Y. 456; *Niles* v. *New York Cent. & Hudson Riv. R. R. Co.*, 176 N. Y. 119). Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.