In the Matter of ERIC O. MAKI, Respondent, v Estate of WILLIAM V. ZIEHM, JR., Appellant.

Third Department, January 27, 1977

*Harvey M. Lifset* for appellant.

*Ainsworth, Sullivan, Tracy & Knauf (Joseph C. Teresi* of counsel), for respondent.

KOREMAN, P. J. Petitioner, Eric O. Maki, and the decedent,

William V. Ziehm, Jr., were equal and sole stockholders in Associated Contracting and Blacktop, Inc. which was dissolved by an order of the Supreme Court on February 23, 1968, at which time a permanent receiver of all of the assets of the corporation was appointed. It appears that the receiver has never posted a bond as required by the court's order, has made no report concerning the accounts or assets of the corporation, and has not distributed any of the assets of the corporation.

This proceeding involves a claim made by the petitioner against the estate of William V. Ziehm, Jr., for his distributive share of the assets of the corporation based upon his contributions of capital, services and equipment to the corporation, his payment out of his personal funds of certain obligations of the corporation, and his contention that the decedent misappropriated the assets of the corporation to his own use, the assets now being part of decedent's estate. Petitioner contends that the value of his interest in the assets of the corporation is between $75,000 and $100,000. The claim was duly rejected by the estate of the decedent. The Surrogate determined that the claim was properly brought in Surrogate's Court, that there were factual issues raised requiring a trial in that court, and denied the motion made on behalf of decedent's estate for summary judgment dismissing the claim. While we agree that the Surrogate's Court has jurisdiction to determine the merits of the claim, and that summary judgment was properly denied, it was error to hold that the claim in question may be brought in the petitioner's own individual capacity rather than in the form of a stockholder's derivative action.

Initially, we determine that the failure of the designated receiver of the corporation to file the required bond is not determinative of corporate status, as contended by defendant, and that the finality of the dissolution of a corporation is not contingent upon an appointed receiver qualifying to carry out his. duties (see Business Corporation Law, § 1111). Consequently, the corporation was effectively dissolved by the order of February 23, 1968. As to the assets of the corporation allegedly misappropriated by decedent prior to dissolution, a derivative action on behalf of the corporation is authorized by statute (Business Corporation Law, § 1006). The assets belonged to the corporation, not to petitioner, and only by virtue of his status as a stockholder may he claim some right to the

corporate assets upon their final distribution. Moreover, a derivative action is the appropriate vehicle for the protection of the rights of the corporation's creditors, since corporate liabilities must be extinguished before any corporate assets may be distributed to the stockholders (Business Corporation Law, § 1005). Petitioner may not be permitted to circumvent the rights of creditors by maintaining a direct action, the potential benefits of which would inure solely to himself. Similarly, a derivative action should have been brought to retrieve for the corporation assets allegedly, misappropriated after dissolution *(Weinert v Kinkel,* 296 NY 151; *Matter of Baldwin Trading Corp.,* 2 Misc 2d 698, 706, affd 8 AD2d 968, affd 8 NY2d 144; see, also, 4 White, New York Corporations, par 1006.08, pp 10-46, 10-47). Thus, it is clear that the claim of misappropriation of corporate funds "may not be redressed in a suit by a stockholder in his individual capacity but must be brought in the name of the corporation, since the damages, if any, belong to the corporation" *(Evangelista v Longo,* 13 AD2d 834, 835), and such rule is applicable even where the complaining stockholder owns all or substantially all of the corporate stock *(42nd St. Fotoshop v Weimet Film Co.,* 206 Misc 977, 979, revd on other grounds 286 App Div 714; 11 NY Jur, Corporations, § 364).

Since the permanent receiver in the instant case failed to file a bond, and did not qualify to assume his duties as receiver, he did not become vested with title to the assets of the corporation *(Matter of Delaney,* 256 NY 315, 319; Business Corporation Law, § 1206, subd [a]). Consequently, he is not an indispensable party to this action and the failure to join him is not fatal to this litigation, as contended by defendant. Furthermore, "the court may dispense with the presence of a defunct corporation in a derivative action, if the circumstances warrant such exercise of its equitable powers." *(Weinert v Kinkel, supra,* pp 152-153.) Such circumstances are here present. Since all stockholders, officers, and presumably directors of the corporation are before the court and represented in the present action, the proceeding should not be dismissed for nonjoinder of parties.

The Surrogate's Court has broad authority to exercise full and complete general jurisdiction in law and in equity to administer justice in all matters relating to the affairs of decedents (SCPA 201, subd 3). In any claim against the estate "we see subject matter jurisdiction generously expanded. If

any claim is rejected, the court has jurisdiction to determine it on its merits and any trial needed to establish the facts takes place as part of the 'judicial settlement of his [the fiduciary's] account' (SCPA 1808 [1])." (Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 58A, SCPA 301, p 305.) A derivative action on behalf of the subject corporation is clearly a claim asserted against the estate for assets converted during the lifetime of the decedent. In our view, the expansive jurisdictional powers of the Surrogate's Court may properly be invoked to determine the merits of such claim. Accordingly, the Surrogate's Court having acquired jurisdiction of the proper parties, the present proceeding is converted to a stockholder's derivative action (CPLR 103, subd [c]; SCPA 102), and the issues of fact raised as to the validity of such claim are directed to be tried in that court.

The order should be modified, on the law and the facts, so as to convert the instant proceeding to a stockholder's derivative action, and as so modified, affirmed, without costs.

SWEENEY, KANE, MAHONEY and LARKIN, JJ., concur.

Order modified, on the law and the facts, so as to convert the instant proceeding to a stockholder's derivative action, and, as so modified, affirmed, without costs.