In the Matter of the Estate of CECELIA THEODORE DESOTELLE, Deceased.

Surrogate's Court, Clinton County, May 14, 1932.

*Boire & Kehoe* [*Victor F. Boire* of counsel], for the petitioner, John Theodore, administrator.

*Carl L. McMahon,* in person, for the respondent.

HARRINGTON, S. On August 10, 1931, an order was signed by this court approving the terms of a contract for the sale of certain real property in the above estate, situate in the city of Saratoga Springs. The contract was duly executed by Carl L. McMahon, an attorney of Saratoga Springs, the purchaser, and by John Theodore, the administrator of the above estate. The order authorized the administrator to sell said premises to Mr. McMahon on the terms of the order, to wit: " $500 upon receipt of a copy of this Order and $1,500 on September 1, 1931, at which time said Administrator shall give a Deed of said property, which he is authorized to do and to take back a first mortgage on the same in the amount of $3,500 payable to said John Theodore, as guardian of the infants, Herman Desotelle, Victor Desotelle, and Royce Desotelle, which mortgage shall be paid as follows: $875 together with interest on the first of September each year hereafter until said mortgage is paid."

The following is a correct copy of the contract:

" I hereby agree to buy the premises located at #317 Nelson Avenue, Saratoga Springs, N. Y., and to pay therefor the sum of $5,500, in the following manner: $100 deposit on the execution of this offer, $400 upon receiving a copy of an order of the Clinton County Surrogate, confirming sale, $1,500 on September 1, 1931.

"A Deed with evidence of clear title is to be delivered to me September 1, 1931, at which time I will deliver my bond and mortgage on said premises to the administrator in the sum of $3,500, payable in four years.

" I will pay $875, together with the interest on the principal sum due on each succeeding September 1st and upon the payment of said installments the seller or his successor is to deliver to me a Satisfaction of such mortgage.

" I am to be given immediate possession. In case of default on this agreement, the $100 deposit is forfeited for the purpose of paying the costs incidental to this proceeding, and I agree to pay $50 per month rent while I am in possession.

" CARL L. McMAHON.

" The above offer is hereby accepted subject to the approval of the Surrogate of Clinton County.

" JOHN THEODORE."

It will be noted that the contract provided that the sum of $400 was to be paid by the purchaser upon receiving a copy of the order of this court " confirming sale," whereas the order approving such contract and authorizing such sale stated that the sum of $500 was to be paid by the purchaser upon receipt of a copy of said order. The sum of $100 was paid by the purchaser upon the execution of the contract so that upon receipt by him of a copy of said order the sum of $400 was then due and payable.

Thereafter and on January 23, 1932, upon the affidavits of the administrator and his attorney, Victor F. Boire, an order was granted by the county judge of Clinton county, as acting surrogate, directing the said Carl McMahon to show cause why an order should not be made revoking and vacating the above-mentioned order of this court approving said sale, as above mentioned, and why he should not be directed to vacate the premises described in said order authorizing such sale. An answering affidavit was duly filed by the said Carl McMahon to said order to show cause and a reply affidavit was duly filed by the attorney for the petitioner.

The substance of the affidavit of Mr. McMahon is to the effect that he is not in default under the terms of the contract of sale and the order approving the contract of sale and authorizing the administrator to complete the same, but that the administrator is in default in failing to deliver to him a copy of the order of this court " confirming sale " of said premises as provided in the contract. The affidavits of the petitioner's counsel set forth very clearly that Mr. McMahon was duly advised of the entry of said order authorizing such sale, and that correspondence between him and Mr. McMahon indicated that Mr. McMahon advised the attorney for the petitioner that he would come to Plattsburgh and arrange to close the matter. Such allegations are not denied by Mr. McMahon, although he does deny having advised the attorney for the petitioner that he could not pay the sum of $400 which became due upon the entry of the order approving the contract of sale. After alleging, as above mentioned, that he is not in default under the contract, Mr. McMahon, in his affidavit asks that he be not evicted from the premises until May 1, 1932.

I am not impressed with the sincerity of the allegations in Mr. McMahon's affidavit. He is an attorney and he must be presumed to be familiar with the proceedings in a Surrogate's Court for the sale of real property. His defense that he is not in default under the contract in not making a payment of $400 upon the entry of the above-mentioned order, rests upon the language of the contract which provided that $100 should be deposited upon the execution of the contract and $400 should be paid by him upon receiving a copy

of an order of the Clinton county surrogate "confirming sale." It should be apparent to any attorney that the words "confirming sale," as above used, must have been intended to refer to an order "authorizing" such sale, pursuant to section 238 of the Surrogate's Court Act. Not until such an order is obtained and executed does the representative of the estate secure an order "confirming sale," pursuant to section 240 of the Surrogate's Court Act. No such order could be obtained until the representative of the estate reported to this court that the terms of the contract had been complied with. The fact that the attorney for the petitioner did not serve Mr. McMahon with a copy of said order approving the terms of such contract and authorizing such a sale is not material under the circumstances in this case, in view of the fact that Mr. McMahon was notified by the attorney for the petitioner that such an order had been duly obtained and filed. Mr. McMahon makes no allegation that he ever advised the attorney for the petitioner that he would make such payment upon the receipt of a copy of such an order. On the contrary, I must find that the allegation of the attorney for the petitioner, which is not denied, that Mr. McMahon agreed to come to Plattsburgh and arrange to close the matter, is correct. Because of these facts, the mere failure of the attorney for the petitioner to serve Mr. McMahon with a copy of such order is of no importance in this proceeding, for the proof, as above indicated, is sufficient to warrant the presumption that the receipt of a copy of said order was waived by the purchaser. It would seem under the allegations of the purchaser that even if he had received a copy of such order, it would not have satisfied him, for he could still have alleged that it was not an order "confirming sale." The evidence clearly indicates that Mr. McMahon is in default under the terms of the contract, and there is nothing in his affidavit to indicate that even at the time of the filing thereof he had any desire or willingness to perform the same.

Has this court the power to vacate the order authorizing such sale and also to direct Mr. McMahon to vacate the premises described in the contract?

Subdivision 6 of section 20 of the Surrogate's Court Act provides that a surrogate, in or out of court, has power "To open, vacate, modify, or set aside, or to enter as of a former time, a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause. The powers conferred by this subdivision must be exercised only in a like case, and in the same manner, as a court of record and of general jurisdiction exercises the same powers."

The petitioner does not allege fraud, newly-discovered evidence

or clerical error as a basis for this application. Nor is it alleged that a judicial error occurred. In the latter case this court would have no right to correct such an error by a subsequent order as the remedy would be by appeal. (*Matter of Starbuck,* 221 App. Div. 702, 704; affd., without opinion, 248 N. Y. 555; *Matter of Droney,* 231 App. Div. 674, 676; *Matter of Peck,* 131 id. 81.) If power exists in this court to vacate its prior order in this matter, authority for such procedure must be found in the language of the statute authorizing it for " other sufficient cause." The phrase " other sufficient cause " has been interpreted to mean " cases of like nature with those specifically named." (*Matter of Tilden,* 98 N. Y. 434, 442; *Matter of Hermann,* 178 App. Div. 182, 191; affd., without opinion, 222 N. Y. 564.) As to whether the " other sufficient cause " alleged is a " case of like nature with those specifically named," would seem to be a matter addressed to the judicial discretion of the surrogate. (*Matter of Townsend,* 215 N. Y. 442, 447; *Matter of Severence,* 106 Misc. 710, 714, and cases cited; affd., without opinion, 191 App. Div. 885.)

I believe that the proof in this case justifies a finding that within the terms of the statute " sufficient cause " exists as a basis for this application. The purchaser, an attorney, does not raise the question of the jurisdiction of this court to grant the relief asked for in the petition. He asks that the prayer of the petitioner be not granted because the petitioner did not serve him with a copy of the order of this court " confirming sale." While such attitude cannot be construed as evidence of fraud on the purchaser, it can certainly be construed as evidence of bad faith on his part, for as hereinbefore stated, his knowledge of the procedure for the sale of real estate in a Surrogate's Court must be presumed and no order " confirming sale " could have been made pursuant to the terms of the contract.

If an order be granted vacating the prior order of this court, can it be said that such power has been exercised in a " like case " and in the " same manner " as a court of record and of general jurisdiction would exercise the same powers? In *Matter of Henderson* (157 N. Y. 423, 428) the court construed the meaning of the terms " like case " and " same manner " in the above-mentioned statute, as follows: " The statute, in speaking of a *like case,* means that the party making the motion must show the existence of the error or mistake in the same way as if the record was in the other court, and, in providing for the exercise of the power in the *same manner,* all that is meant is that the surrogate shall proceed in the same way to hear the application. Proof must be made, notice given and a judicial hearing of the parties had, but there is

no more limit as to the time within which the application may be entertained since the enactment of the statute than there was before. There certainly is no express limitation of time upon the power of the surrogate contained in the statute, and it is impossible, I think, to show by any correct reasoning process that one is implied."

Section 131 of the Civil Practice Act provides that except wherein such an order grants a provisional remedy, it may be vacated or modified without notice by the judge who made it, or upon notice by him or by the court. This section would seem to provide the procedure referred to in subdivision 6 of section 20 of the Surrogate's Court Act, wherein it is directed that the authority therein granted to a surrogate must be exercised in the " same manner " as is exercised by a court of general jurisdiction, exercising the same powers. It would seem that the procedure followed upon this application, as herein stated, has been in the " same manner " as would have been followed in a " like case " in a court of general jurisdiction.

Has this court power in this proceeding to direct that the purchaser herein be evicted from the premises in question? While the equitable jurisdiction of this court, under section 40 of the Surrogate's Court Act, has been liberally construed, I do not find any authority which would seem to authorize this court to direct the purchaser herein to be so evicted from the premises described in the contract. Upon vacating the prior order of this court in this matter the petitioner herein can have the question of eviction determined in the proper court, whose jurisdiction in such matter cannot be questioned.

An order may, therefore, be entered vacating and setting aside the order of this court dated August 10, 1931, as herein referred to and disapproving the proposed sale of said premises to the said Carl McMahon under the contract herein mentioned.

Prepare decree accordingly.