In the Matter of the Estate of AUGUST H. STURMER, Deceased. FLOYD L. CHAPMAN, Individually and as Executor of AUGUST H. STURMER, Deceased, et al., Appellants and Respondents; MARGARET F. STURMER, Respondent and Appellant. (Two Proceedings.)

Argued May 14, 1951; decided July 11, 1951.

*Howard J. Walker* for *Floyd L. Chapman* and another, appellants and respondents. I. The decision of the Appellate Division that the widow is entitled to exercise her right of election under section 18 of the Decedent Estate Law should be reversed. (*Matter of Moore,* 165 Misc. 683, 254 App. Div. 856, 280 N. Y. 733; *Matter of Phillips,* 293 N. Y. 483; *Matter of Richardson,* 191 Misc. 995; *Matter of Wynne,* 194 Misc. 459.) II. The determination of the Appellate Division that the United States Gov-

ernment bonds, bank accounts and real estate are not part of decedent's estate should be affirmed. (*Matter of Jagodzinska,* 272 App. Div. 660; *Matter of Hickmott,* 166 Misc. 536, 256 App. Div. 1047; *Matter of Riley,* 261 App. Div. 690; *Inda* v. *Inda,* 288 N. Y. 315; *Matter of Porianda,* 256 N. Y. 423; *Moskowitz* v. *Marrow,* 251 N. Y. 380; *Matter of Juedel,* 280 N. Y. 37; *Matter of Deyo,* 180 Misc. 32; *Matter of Kalina,* 184 Misc. 367, 270 App. Div. 761.)

*Domenick L. Gabrielli* for respondent and appellant. I. The widow is entitled to exercise her right of election under section 18 of the Decedent Estate Law. (*Matter of Cote,* 87 N. Y. S. 2d 555; *Matter of Burridge,* 261 N. Y. 225; *Girard* v. *Girard,* 29 N. M. 189; *Matter of Brown,* 153 Misc. 282; *Thompson* v. *Thompson,* 163 Misc. 946; *Rubin* v. *Myrub Realty Co.,* 244 App. Div. 541.) II. The determination of the Appellate Division that the bonds, bank accounts and real estate are not a part of decedent's estate should be reversed. (*Matter of McCarthy,* 164 Misc. 719; *Matter of Simpson,* 175 Misc. 718; *Matter of Buchanan,* 184 App. Div. 237; *Krause* v. *Krause,* 285 N. Y. 27.)

LEWIS, J. The controversy involved in these two proceedings has arisen in the course of administering the estate of August H. Sturmer, deceased.

In 1913, the decedent married Margaret Fluent Sturmer with whom he lived until 1926 when they entered into a separation agreement. From that time until the husband's death on April 23, 1949, they lived apart. By a will admitted to probate in July, 1949, the decedent left his entire estate to a nephew, Floyd L. Chapman, who was also named as executor. Thereupon Margaret Fluent Sturmer filed, pursuant to section 18 of the Decedent Estate Law, an election to take against the will of her deceased husband. Subsequently, the widow commenced a proceeding in Surrogate's Court, in which she sought an order declaring her husband's estate to be the owner of: (1) certain United States Savings Bonds; (2) three joint accounts in commercial banks; (3) one joint savings account in a savings bank; and (4) a parcel of real estate conveyed by decedent before his death to Floyd L. Chapman. An answer interposed by the executor of the decedent's will sought dismissal of the petition

and a determination that the widow's right of election was barred by reason of the alleged fact that in 1926 decedent and his wife had entered into a valid separation agreement in which petitioner waived her right to share in the decedent's estate. Thereafter, the parties stipulated to consolidate and try together the issue involving the widow's right of election and issues involved in the separate proceeding in which the widow sought to have certain securities, bank accounts and real property declared to be assets of the decedent's estate.

Upon issues thus presented for decision the Acting Surrogate ruled that the widow had not waived her right of election by the separation agreement entered into in 1926. He also held (1) that the United States bonds were not assets of the estate and became the property of the survivors named thereon; (2) that title to the real property in question vested in the grantee Chapman and was not an asset of the estate; and (3) that the three joint accounts in the commercial banks were assets of the estate but that the joint account in the savings bank passed to the survivor.

The Appellate Division (two Justices dissenting) affirmed the ruling by the Acting Surrogate that the separation agreement did not bar the widow's right to elect; and his ruling that the United States bonds and the joint account in a savings bank did not become assets of the estate but that title thereto vested in the survivor. As to the joint accounts in the commercial banks, the Appellate Division reversed the findings of the Surrogate and ruled that they, like the joint savings bank accounts, were not assets of the estate and that title thereto had passed to the survivor. Finally, the Appellate Division held that the Surrogate had no jurisdiction to determine in this proceeding the title to the parcel of real estate conveyed by decedent to Floyd L. Chapman.

The case comes to us upon appeal by the decedent's widow from the order of the Appellate Division; also upon appeal by Floyd L. Chapman, individually and as executor of the decedent's will, and by Frances Perlitz, from so much of the order of the Appellate Division as affirmed the decree of the Acting Surrogate. Although each brief deals with other points, counsel for each party on the argument before us expressly

agreed that the present appeal is limited to two points, viz., the validity of the widow's right of election and the ownership of the three joint accounts in commercial banks.

As to the widow's right of election: The executor does not question the fact that Margaret Fluent Sturmer is the widow of decedent. It is also conceded that decedent made no provision in his will for his widow — leaving his entire estate to a nephew with whom he lived. The executor's contention is that, by the separation agreement executed by the parties on January 18, 1926, the widow waived all rights to her husband's estate, including the right to elect against his will. At the time of the execution of that agreement in 1926, section 18 of the Decedent Estate Law, under which the widow filed her election, had not been enacted. Insofar as here relevant that section, on the date it became effective, viz., September 1, 1930, provided as follows (L. 1929, ch. 229, as amd. by L. 1930, ch. 174):

" § 18. ELECTION BY SURVIVING SPOUSE AGAINST OR IN ABSENCE OF TESTAMENTARY PROVISION. 1. Where a testator dies after August thirty-first, nineteen hundred and thirty, and leaves a will thereafter executed and leaves surviving a husband or wife, a personal right of election is given to the surviving spouse to take his or her share of the estate as in intestacy, subject to the limitations, conditions and exceptions contained in this section. * * *

" 9. The husband or wife during the lifetime of the other may waive the right of election to take against a particular last will and testament by an instrument subscribed and duly acknowledged, or may waive such right of election to take against any last will and testament of the other whatsoever in an agreement so executed, made before or after marriage. *An agreement so executed made before the taking effect of this section wherein a spouse has waived or released all rights in the estate of the other spouse shall be deemed to release the right of election granted in this section."**

Thereafter, in 1947, subdivision 9 of that section (quoted *supra*) was amended (L. 1947, ch. 379) and at the time of the decedent's death provided as follows:

---

* Italics — wherever used in this opinion — are added, unless otherwise indicated.

" 9. The husband or wife, during the lifetime of the other, may waive or release the right of election to take as against a particular last will, or as against any last will of the other spouse. *A waiver or release of all rights in the estate of the other spouse shall be deemed to be a waiver or release of the right of election as against any last will.* A waiver or release to be effective under this subdivision shall be subscribed by the maker thereof and either acknowledged or proved in the manner required for the recording of a conveyance of real property.

" *A waiver or release of the right of election granted in this section shall be effective, in accordance with its terms, whether*

" (a) executed before or after the marriage of the spouses affected;

" (b) *executed before, on, or after September first, nineteen hundred thirty;*

" (c) unilateral in form, executed only by the maker thereof, or bilateral in form, executed by both of the spouses affected;

" (d) executed with or without consideration;

" (e) absolute or conditional."

The separation agreement by which the executor claims decedent waived her right of election contains the usual provision for the parties to live separate and apart. Instead of providing for periodic payments, however, it provided for a lump sum payment to the wife and in consideration thereof:

" * * * the second party hereto [the wife], does hereby expressly release and relieve the first party of and from any and all obligations *arising out of the marriage status* for her support and maintenance *or otherwise,* and she does hereby expressly accept the said sum and the provisions in this instrument so made for her, in full payment, settlement and satisfaction, of any and all claims and demands of every name, kind and nature, that she may now have, hold or own against the said first party hereto, for her support maintenance *or otherwise,* or that she might or could have hold or own *in the future* against the said first party hereto for her support, maintenance *or otherwise,* and further in full payment, satisfaction and discharge of any and all claims that she might *or in the future could have,* hold or own for alimony, counsel fee *or otherwise.*

" The second party hereto in consideration of the foregoing does further and hereby expressly release and relinquish unto the said first party, any *and all right, title or interest of every kind, name and nature, she may have,* hold or own, in and to any property of his, both real and personal, and in and to any property, both real and personal, which he, the said first party, may *or might acquire in the future.* *	*	*

" And the said party of the second part further promises, covenants and agrees that she will upon request enter into and execute any and all further written instruments, releases or other paper-writings, which may or might become proper and necessary to be executed, and having to do with or affecting the interests, property, property-rights, and *estate of the first party,* her said husband, provided however, that such instrument or instruments, or such act on her part, shall in no wise injure or jeopardize, the provisions herein made for the said party of the second part."

In ruling that by the separation agreement the widow had not waived her right of election created by section 18 of the Decedent Estate Law, the Acting Surrogate and the Appellate Division held that the terms of the agreement were not sufficiently definite to deny her that right.

Our reading of the separation agreement leads us to conclude that the widow thereby effectively waived her rights under section 18 *id.* By the terms of that agreement she expressly released " all right, title or interest " to any property her husband then had or might acquire in the future and agreed to execute releases " which may or might become proper and necessary to be executed, and having to do with or affecting the interests, property, property-rights, *and estate* of the first party, her said husband *	*	*."

In our view the paragraphs quoted above from the written instrument make clear the intention of the petitioner to make no claim against her husband's property while he was alive or against his estate in case she survived him. It is difficult to conceive of language which would express more clearly the wife's intention to relinquish all her rights to her husband's property and " estate ".

As sections 18 and 83 of the Decedent Estate Law had not been enacted at the time of the execution of the separation

agreement, there was no reason for specific reference in the agreement to a release of a right of election not then known to the law. We regard it as clear, however, that the release she then executed of all her right, title and interest in all property her husband then had or might " acquire in the future ", brings that agreement within the clause of section 18 which provides that " A waiver or release of all rights in the estate of the other spouse shall be deemed to be a waiver or release of the right of election as against any last will. * * * " Furthermore, the fact that the agreement was executed prior to the enactment of section 18 does not defeat its effectiveness as a waiver of rights created by that section because, since the effective date of its enactment, subdivision 9 has provided specifically that a waiver shall be valid in accordance with its terms whether executed *before* or after September 1, 1930. In reference to that provision, this court has had occasion to note that " ' The purpose of this new sentence was to give legal recognition to an agreement by which a husband or wife had waived all rights in the estate of the other spouse in an instrument executed *before* September 1, 1930.' (*Matter of Moore,* 165 Misc. 683, 687, affd. 254 App. Div. 856; 280 N. Y. 733.)" (*Matter of Phillips,* 293 N. Y. 483, 488, italics in original.)

The rule of *Matter of McGlone* (284 N. Y. 527, affd. *sub nom. Irving Trust Co.* v. *Day,* 314 U. S. 556) — upon which the petitioner relies — is not determinative of the problem here presented. In that case, there was no ruling as to the sufficiency of the language of the instrument as constituting a waiver — it being held that the instrument was invalid as a waiver because it was not duly acknowledged as required by section 18. Likewise in *Matter of Burridge* (261 N. Y. 225), the agreement in question referred to a release of a husband's property " during his natural life ". In those circumstances the court held that the release could not be construed as a renunciation of the widow's right to inherit from her husband upon his death.

Where, however, as in the case at bar, the separation agreement was subscribed and duly acknowledged, and there is no evidence of fraud or concealment in the execution of the agreement; and where the agreement indicates clearly an intention by a wife to waive her rights in her husband's estate, we conclude

she may not now elect against the will under section 18 of the Decedent Estate Law.

From the conclusion thus reached it follows that the widow has no standing to maintain the proceeding by which she seeks a determination as to the disposition of specified items of personal property which are a part of the decedent's estate.

Accordingly, the order of the Appellate Division should be reversed and the matter remitted to the Surrogate's Court for further proceedings not inconsistent with the opinion herein, without costs.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order reversed, etc.

