Harry G. Herman, S.
In this contested probate proceeding the contestant moves for an order restraining the preliminary executors, in that capacity or as officers of a corporation, all of the stock of which was owned by the decedent, from evicting *321 or seeking to evict her from a building she now occupies on property owned by the corporation.
The preliminary executors urge that no lease with respect to the premises exists; that the contestant and her husband are tenants by sufferance and are paying no rent and are not contributing to the maintenance of the premises; that maintenance of the premises is an expense borne by the estate; and that in the absence of a lease the preliminary executors are entitled to demand possession of the premises.
In a reply-affidavit the contestant’s husband, who is not a proper party to this proceeding, and who has no standing herein, asserts he is willing to enter into a lease and to do all the necessary maintenance work — if the estate pays him.
The preliminary executors state they are willing to negotiate a lease, but that they should be free, if no lease is consummated, to negotiate with other parties. .
All of the parties assume that this court has jurisdiction with respect to this motion because the decedent owned all the stock in the corporation which had title to the realty (Matter of Kahn, 43 Misc 2d 208).
The Surrogate’s Court has no jurisdiction over proceedings to recover possession of real property or to determine the merits of a tenancy (Real Property Actions and Proceedings Law, § 701); and therefore it has no jurisdiction to grant the relief sought herein (see, also, Matter of Sturmer, 277 App. Div. 503, 509-510, revd. on other grounds 303 N. Y. 98; Matter of Venblow, 2 A D 2d 365).
Accordingly, the instant application for a restraining order is denied, without prejudice to any application deemed advisable by counsel in the appropriate forum.