■ In the Matter of the Estate of NICHOLAS A. PICCIONE, Deceased. JEAN M. PICCIONE et al., as Executors of the Estate of NICHOLAS A. PICCIONE, Deceased, Respondents; ALL CRAFT FINISHING, INC., et al., Appellants. — In a proceeding by the executors of the estate of Nicholas A. Piccione to evict holdover tenants from realty owned by the estate, the appeal is from an order of the Surrogate's Court, Nassau County (Delin, S.), dated November 7, 1980, which directed appellants to vacate the premises. Order reversed, on the law, without costs or disbursements, and proceeding dismissed. No findings of fact were presented for review. Petitioners are co-executors of the estate of Nicholas A. Piccione, who owned real property at the time of his death. The property is now an asset of the estate. A lease of the property from decedent to appellants' sublessor expired on June 30, 1980. Petitioners alleged that on May 1, 1980 they informed appellant All Craft Finishing, Inc., in writing, that they had entered into a contract for the sale of the demised premises and that All Craft was expected to vacate the premises by the end of the lease term. All Craft claimed hardship, and after negotiations the surrender date was changed to August 1, 1980, then August 15, 1980.* The closing date was similarly postponed from July 15, 1980 to August 15, 1980 and then to August 21, 1980. On August 20, 1980, the day before petitioners were scheduled to close, appellants refused to vacate the premises or give a firm surrender date. As a result, the closing was postponed indefinitely. That same day, petitioners personally served appellants with written notice to vacate the premises within 30 days. On September 17, 1980, petitioners commenced a holdover proceeding in the District Court, Nassau County, to evict appellants. That proceeding terminated in a judgment, dated September 23, 1980, in favor of appellants because of the inadequacy of the notice. Also on September 17, petitioners sent both appellants

* The parties agree that after the lease term expired, appellants became statutory month-to-month tenants (see Real Property Law, § 232-c).

written notice to terminate their month-to-month tenancies by October 31, 1980. Two days later, on September 19, 1980, petitioners commenced the instant holdover proceeding in the Surrogate's Court, Nassau County. Appellants' answering papers asserted, *inter alia,* that the proceeding is not within the subject matter jurisdiction of the Surrogate's Court. The Surrogate disagreed and directed appellants to vacate the premises (*Matter of Piccione,* 106 Misc 2d 898). This appeal followed. The Surrogate's Courts have split on this issue. In *Matter of Desotelle* (143 Misc 732), the court held that it did not have the power, under its grant of equitable jurisdiction by section 40 of the former Surrogate's Court Act, to evict a contract purchaser of estate property after it disapproved the contract of sale. In *Matter of Burstein* (153 Misc 515, 519), the court reached a contrary result under section 40, holding that it had the jurisdiction to "place the administrator in possession of an asset of the estate". Most recently, in *Matter of Henry* (48 Misc 2d 320, 321), the court stated that the "Surrogate's Court has no jurisdiction over proceedings to recover possession of real property or to determine the merits of a tenancy (Real Property Actions and Proceedings Law, § 701)". RPAPL 701 (subd 1) lists the courts in which a "special proceeding to recover real property" may be brought. The Surrogate's Court, as the *Henry* decision acknowledges, is not one of the enumerated courts. However, SCPA 202 authorizes the Surrogate's Court to exercise its jurisdiction in any proceeding, whether or not specifically provided for in the SCPA (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 202, pp 144-145; 1980-1981 supp pp 28-29). Therefore, the Surrogate's Court may entertain a holdover eviction proceeding if such proceeding falls within its subject matter jurisdiction, i.e., if it relates to the affairs of the decedent (see NY Const, art VI, § 12, subd d; SCPA 201, subd 3). In *Matter of Lainez* (79 AD2d 78, affd 55 NY2d 657), we emphasized the limited subject matter jurisdiction of the Surrogate's Court, which could not be expanded except by action of the Legislature. Not every proceeding brought by a fiduciary in connection with an estate relates to the affairs of the decedent (see *Matter of Young,* 80 Misc 2d 937, 941 [Midonick, S.]; 1 Warren's Heaton, Surrogates' Courts, § 35, par 3, p 5-246). This is an independent controversy between living persons, outside of the subject matter jurisdiction of the Surrogate's Court (see *Matter of Lainez, supra,* p 80). We do not reach any of the remaining contentions of the parties. Damiani, J. P., Mangano, Weinstein and Thompson, JJ., concur.