■ In the Matter of the Estate of Nicholas A. Piccione, Deceased. Jean M. Piccione et al., Respondents; All Craft Finishing, Inc., et al., Appellants; Data Control Systems, Inc., Respondent; All Craft Metals Inc., Intervenor-Respondent. — In a proceeding "to recover assets" of an estate, All Craft Finishing, Inc., and Fire Burglary Instruments, Inc., appeal from so much of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated March 30, 1981, as denied their motion to dismiss the petition as to them. Order reversed insofar as appealed from, on the law, without costs or disbursements, motion granted and petition dismissed as to appellants. The coexecutors of the estate of Nicholas A. Piccione brought this proceeding to recover assets of the estate. The proceeding was commenced against a former guarantor of the lease, and two sublesses of real property that is part of the estate. The lessee has been granted leave to intervene. The petition alleged that the estate incurred certain damages as a result of the failure of the subtenants to vacate the demised premises at the expiration of the lease term. The appellants moved to dismiss for lack of subject matter jurisdiction, and the motion was denied. SCPA 2103 (subd 1) authorizes a fiduciary to bring a proceeding to discover "money or other personal property or the proceeds or value thereof

which should be paid or delivered to him". Money or personal property has been held to include a fund of indeterminate amount (see, e.g., *Matter of Young,* 80 Misc 2d 937), a determinate amount of money transferred by a decedent as the result of fraud or undue influence (see *Matter of Reiner,* 86 Misc 2d 511) and rents and profits already collected where the estate and the respondent contested ownership of the demised premises (see *Matter of Hall,* 54 Misc 2d 923). Only in *Matter of Finkle* (90 Misc 2d 550, affd 59 AD2d 862) did a Surrogate retain jurisdiction where there was no specific fund of which discovery was sought. However, we decline to follow *Finkle* because the only authorities cited therein involved specific funds or choses in action, and because the Surrogate's Court attached great importance to the fact that it was the most expedient forum for the resolution of the claims presented. Rather, we view the subject matter jurisdiction of the Surrogate's Court to be limited to that provided by statute (see *Matter of Lainez,* 79 AD2d 78, affd 55 NY2d 657). SCPA 2103 does not provide for discovery of contingent, unliquidated damages resulting from tortious acts or breaches of contract. Accordingly, we reverse, grant the motion and dismiss the petition as to appellants. Damiani, J. P., Mangano, Weinstein and Thompson, JJ., concur.