OPINION OF THE COURT
Millard L. Midonick, J.
Petitioner, the executor of this estate, has commenced a proceeding against a corporation for the purposes of directing the corporation to purchase the decedent’s interest in said corporation pursuant to a stockholder’s agreement and for payments arising out of an employment contract. This proceeding is in the nature of a discovery proceeding pursuant to SCPA 2103. Respondent corporation has appeared in this proceeding and has objected to the jurisdiction of this court. Specifically the respondent contends that this matter should have been commenced in the Supreme Court and is nothing more than a mere breach of contract cause of action over which this court allegedly has no jurisdiction.
Initially it should be noted that this proceeding was commenced by service of citation on the respondent by serving the vice-president of the corporation at its offices at 470 Park Avenue South, New York, New York. Respondent does not question the personal service of the citation.
*249 Under the old Surrogate’s Court Act prior to the enactment of SCPA 2103 and prior to changes in the New York State Constitution, discovery proceedings were limited (Matter of Trevor, 309 NY 389; see Matter of Young, 80 Misc 2d 937). At present, however, the jurisdiction of the Surrogate’s Court has been expanded to include many causes of action over which the Supreme Court has concurrent jurisdiction (Matter of Finkle, 90 Misc 2d 550, affd 59 AD2d 862; Matter of Rothko, 69 Misc 2d 752, affd 40 AD2d 1083; Matter of Reiner, 86 Misc 2d 511; Matter of Young, supra; Matter of Goldstein, 79 Misc 2d 4).
Respondent’s position is that the causes of action asserted herein are solely ones which deal with a contract and over which the Supreme Court has exclusive jurisdiction. Although respondent is not relying upon the decisions in Matter of Piccione (85 AD2d 604) and Matter of Piccione (85 AD2d 605), it relies upon the fact that the proceedings herein are not proper. It specifically argues that these causes of action do not have substantial contacts with this estate, and so they should only be commenced in the Supreme Court.
This court believes that respondent is mistaken as to whether or not this court should accept jurisdiction. Clearly the New York County Surrogate’s Court has been sustained by the Appellate Division of the Supreme Court, First Department, in accepting jurisdiction over matters which relate to an estate (Matter of Brandt, 81 AD2d 268; Matter of Finkle, supra; Matter of Rothko, supra). None of these cases which extend this court’s jurisdiction have involved enforcement of a shareholder’s agreement, as requested in this case, or enforcement of a contract of employment. The Appellate Division of the Supreme Court, Third Department, however, has sustained enforcement of a shareholder’s contract in the Surrogate’s Court (Dunham v Dunham, 40 AD2d 912). It should also be noted that jurisdiction over a cause of action on a decedent’s contract was sustained in the Surrogate’s Court, Nassau County (Matter of Goldstein, supra) and in this court (Matter of Young, supra).
While this court recognizes the decision of the Appellate Division of the Supreme Court, Second Department, in the *250 cases of Matter of Piccione referred to above, not only are these cases not binding upon this court but the denial of jurisdiction to the Surrogate’s Court is questionable. As this court has often stated, the Surrogate’s Court has concurrent jurisdiction over causes of action relating to a decedent’s estate, but that does not mean that the court must accept jurisdiction in every instance (Matter of Young, supra, p 941). In fact it is clear that this court could accept jurisdiction over any form of tort or contract action but if it did so it would be overwhelmed {Matter of Young, supra). The expertise to adjudicate those actions, for the most part, is in the Supreme Court. Nevertheless, in the proper circumstances, acceptance of such a cause of action in this court might be warranted. Consequently the statement by the Appellate Division of the Supreme Court, Second Department, in the Matter of Piccione case (85 AD2d 605, 606), that “SCPA 2103 does not provide for discovery of contingent, unliquidated damages resulting from tortious acts or breaches of contract”, is not in accord with the policy in this judicial department. If the Appellate Division of the Supreme Court, Second Department, had indicated that the Surrogate’s Court had jurisdiction but the facts did not warrant exercise of such jurisdiction this court would not be commenting as it is now doing.
This court determines that the causes of action alleged in the petition are substantially connected with this estate and should be determined by this court. In fact there is no question that this court would accept jurisdiction of these matters if the Supreme Court had chosen to refer them to this court. Consequently the respondent’s challenge to jurisdiction is denied.
Respondent is directed to serve and file his answer within 10 days after service of a copy of this order.