■ In the Matter of the Estate of MILTON A SIROTTA, Deceased. DOROTHY SIROTTA, Respondent-Appellant; BERNARD SIROTTA COMPANY, INC., Appellant-Respondent. — In a proceeding to determine the book value of decedent's stock interest in a closely held corporation, and to construe the stockholder's agreement with regard to the effect, if any, of the proceeds of an employee group life insurance benefit plan on the purchase price of decedent's shares, Bernard Sirotta Company, Inc. appeals, as limited by its brief, from so much of an order and decree (one paper) of the Surrogate's Court, Westchester County (Brewster, S.), dated October 18, 1983, as declined to set off the proceeds of decedent's group life insurance benefit plan against the purchase price of the stock and ordered payment of the purchase price with interest commencing from June 1, 1981, and petitioner cross-appeals from so much of the same order and decree as adjudged that petitioner is entitled to only 6% interest on each of the ordered monthly payments.

Order and decree modified by deleting the third and fourth decretal paragraphs, and substituting therefor the following: "Ordered, Adjudged and Decreed, that Petitioner is entitled to payments of Two Thousand Three Hundred Forty Nine ($2,349) dollars for each month commencing July 1, 1981, and continuing for a total of 36 months, together with interest at the rate of Six (6%) percent per annum until the due date of each payment, and thereafter at the rate of Nine (9%) percent per annum."

As so modified, order and decree affirmed, insofar as appealed from, with costs to respondent-appellant.

We agree with the Surrogate that appellant-respondent's position that the proceeds of the employee group life insurance benefit plan should be offset against the purchase price of decedent's stock in this closely held corporation is totally devoid of merit, and that appellant-respondent should not be permitted to benefit from its unconscionable delay in redeeming the shares. While the stockholder's agreement provided for 6% interest, that rate should be applied only until the maturity date of each payment. Respondent-appellant is entitled to interest at the rate of 9% per annum from the due date until payment is made (see CPLR 5001, 5004; *Volkswagen Bristol Motors v Daimler-Benz,* 46 AD2d 644; *O'Brien v Young,* 95 NY 428). Mollen, P. J., Gibbons, Thompson and Bracken, JJ., concur.

■ In the Matter of SAMUEL L. SOMMER, Appellant, v PEOPLE OF THE STATE OF NEW YORK, Respondent. — Judgment of the Supreme Court, Suffolk County (McCarthy, J.), dated April 11, 1983, affirmed, without costs or disbursements. (See *Usen v Sipprell,* 41 AD2d 251, 257.) Titone, J. P., Lazer, Mangano and Niehoff, JJ., concur.