■ In the Matter of the Estate of RALPH GOLDSTEIN, Deceased. CHARLOTTE GOLDSTEIN, Respondent; ALLSTATE HOSIERY SALES, INC., Appellant. [602 NYS2d 656] —In a discovery proceeding pursuant to SCPA 2103, Allstate Hosiery Sales, Inc., appeals from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated June 10, 1991, which denied its motion for summary judgment dismissing the petition.

Ordered that the order is modified, on the law, by adding a provision that, upon searching the record, the petitioner is awarded partial summary judgment with respect to her claim that the insurance proceeds on decedent's life should be included in the "book value" of the appellant corporation; as so modified, the order is affirmed, with costs payable by the appellant to the estate.

The record reveals, and appellant concedes, that approximately $700,000 in insurance was purchased on the life of its President and 50% shareholder, the deceased Ralph Goldstein, in order to secure a credit line of approximately that amount with Israel Discount Bank (hereinafter IDB). It is not disputed that the proceeds of that insurance were in fact used to discharge the appellant's $685,000 debt to IDB following Goldstein's death on August 3, 1988. Nonetheless, in computing the estate's 50% share of the appellant corporation's "book value," the appellant subtracted the $685,000 debt as a liability, but declined to offset it with the insurance proceeds, relying upon a computation schedule contained in a 1973 shareholders' agreement which concededly did not contemplate the subsequent purchase of such insurance. Upon searching the record (see, CPLR 3212 [b]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 111; Bulger v Tri-Town Agency, 148 AD2d 44), we conclude that the life insurance securing the debt to IDB and actually paid to discharge it should be included in the appellant corporation's "book value" for purposes of computing the estate's share therein (cf., Continental Assur. Co. v Patrick, 157 AD2d 1016).

We further find that this matter was properly pursued in an SCPA 2103 discovery proceeding (see, Matter of Granowitz, 150

AD2d 446; *see also, Matter of Sirotta,* 117 Misc 2d 1088, *mod on other grounds* 106 AD2d 507; *Matter of Breitman,* 114 Misc 2d 248; *Matter of Lebowitz,* 30 Misc 2d 964; *Matter of Galewitz,* 3 Misc 2d 197).

A trial should be held on the remaining issues of fact raised by the petitioner-respondent concerning the appellant's computation of its "book value". Mangano, P. J., Sullivan, Miller and Pizzuto, JJ., concur.