■ Rosalind T. Spodek, Also Known as Roslyn Spodek, Appellant, v Park Property Development Associates, Respondent. [719 NYS2d 109] —In an action to recover on a note, the plaintiff appeals from so much of (1) an order of the Supreme Court, Nassau County (Segal, J.), dated December 9, 1999, as denied her application for an award of prejudgment interest at the statutory rate, and (2) a judgment of the same court, entered February 17, 2000, as failed to award her prejudgment interest at the statutory rate.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the order dated December 9, 1999, is vacated, the application is granted, the plaintiff is awarded prejudgment interest at the statutory rate, to be calculated in accordance herewith, and the matter is remitted to the Supreme Court, Nassau County, for entry of an amended judgment; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the order must be dismissed because the order did not decide a motion made on notice, and therefore is not appealable as of right (*see,* CPLR 5701 [a] [2]). The issues raised with respect to the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff commenced this action to recover on a note. In a prior determination, this Court granted the plaintiff's motion for summary judgment (*see, Spodek v Park Prop. Dev. Assocs.,* 263 AD2d 478). However, in the judgment appealed from, entered upon that determination, the Supreme Court failed to award the plaintiff prejudgment interest at the statutory rate on all unpaid moneys from the date each payment was due (*see,* CPLR 5001, 5004). We reverse.

Statutory interest is to be computed "from the earliest ascertainable date the cause of action existed" (CPLR 5001 [b]). "Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date" (CPLR 5001 [b]). An award of interest is founded on the theory that there has been a deprivation of the use of money or its equivalent, and that an award of interest will make the aggrieved party whole; it is not to provide a windfall (*see, 155 Henry Owners Corp. v Lovlyn Realty Co.,* 231 AD2d 559; *Kaiser v Fishman,* 187 AD2d 623, 627; 36 NY Jur 2d, Damages, §§ 117-119). Interest is "simply the cost of having the use of another person's money for a specified period * * * [and] is intended to indemnify successful plaintiffs 'for the nonpayment of what is due to them'" (*Love v State of New York,* 78 NY2d 540, 544; *see also, Kaiser v Fishman, supra*). Here, to make the plaintiff whole, and to avoid a windfall to the defendant, the plaintiff is entitled to prejudgment interest at the statutory rate from the date each payment became due under the terms of the note (*see,* CPLR 5001, 5004; *Matter of Sirotta,* 106 AD2d 507; *Volkswagen Bristol Motors v Daimler-Benz of N. Am.,* 46 AD2d 644). Ritter, J. P., H. Miller, Feuerstein and Smith, JJ., concur.