In the Matter of HARRIS J. KLEIN. JOAN TAUSCHER et al., Respondents-Appellants; HARRIS J. KLEIN et al., Appellants-Respondents.—In a proceeding pursuant to article 77 of the Mental Hygiene Law for the appointment of a conservator, the parties cross-appeal from a judgment of the Supreme Court, Kings County, dated October 22, 1976, which, after a nonjury trial, *inter alia,* dismissed the petition and provided that the dismissal was not on the merits. Judgment reversed, on the law, without costs or disbursements, application for the appointment of a conservator granted, and proceeding remanded to Special Term for further proceedings to determine who the conservator should be, the assets to be placed under the conservatorship, the duration of the conservatorship and the proposed plan to conserve these assets, including the provision of necessary personal and social protective services. Special Term made no findings of fact. The record contains clear and convincing proof of the absolute need to appoint a conservator. It is undisputed that the proposed conservatee has suffered substantial impairment of his faculties and is totally incapable of caring for his property and providing for himself. It is also undisputed that the proposed conservatee is possessed of substantial assets, many of which are solely owned. That the wife of the proposed conservatee is acting as *de facto* conservator does not obviate the need for a conservator and is contrary to the legislative intention of having judicial supervision and control of conservatorships to insure that the conservatee's welfare will not be jeopardized by the potentially adverse interests of the conservator. The failure to allege the anticipated duration of the proposed conservatorship is a nonjurisdictional defect. It was error to deny the petitioners' timely motion to amend the petition. It was also error to deny the petitioner's motion to conform the pleadings to the proof. The record supports the inference that the disabilities which have substantially impaired the proposed conservatee's ability to manage his affairs are irreversible, thereby necessitating a conservatorship

for the remainder of the conservatee's lifetime. The proof which suggests this inference fully satisfies the requirement of subdivision (c) of section 77.03 of the Mental Hygiene Law, the primary purpose of which was merely to broaden the scope of judicial supervision and control of the conservatorship (see Governor's memorandum of approval of 1974, chs 620, 626, NY Legis Ann, 1974, p 397). Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.