OPINION OF THE COURT
Michael A. Telesca, S.
In this proceeding for the judicial settlement of the executrix’ account, objections are filed by one of the residuary legatees claiming that the executrix failed to include two bank accounts in which the deceased had an interest during her lifetime. The executrix maintains that the bank accounts are not part of the estate since at the moment of death, ownership of both accounts was not solely in the deceased’s name. The executrix contends further, that she has no obligation to account and that the objection should be dismissed as a matter of law.
The testatrix was an elderly woman at the time the disputed banking transactions took place. She was 87 years old at the time of her death on January 9, 1979. In her will dated March 17, 1972, her estate was apportioned among her three children as follows: Mildred Da Vola, 60%, Anthony Iannone (the objectant), 30%, and Catherine Pickens, 10%. It is undisputed that on July 18, 1978, the testatrix executed a power of attorney designating her daughter (the executrix, Mildred Da Vola) as her attorney in fact restricted, however, to banking *6 transactions only. During July or August of 1978, Mildred Da Vola transferred approximately $8,000 of funds in the name of the decedent on deposit at Marine Midland Bank to herself. On July 24, and on August 18, 1978, under the authority of the power of attorney, she closed an account of approximately $13,500 in the testatrix’ name in Rochester Savings Bank and used the funds to open a joint account in her name along with her mother.
Objections are raised to these transactions and explanation is being demanded by Anthony Iannone (a son) claiming the executrix owes an obligation to explain her actions both under the power of attorney and as executrix. Nonetheless, the executrix has steadfastly refused to explain or furnish information concerning these banking transactions, claiming that since these transactions occurred prior to her mother’s death and further since the funds passed to her outside of the will, she is not required in her capacity as executrix to answer inquiries concerning the same. Objectant asserts that this attitude alone forms a sufficient basis for her removal as executrix of her mother’s estate and invites inquiry.
Perhaps the most fundamental duty owed by a fiduciary is to render an account of her stewardship. This is particularly so when she stands to benefit personally from her acts or dealings. (Matter of De Belardino, 77 Misc 2d 253, affd 47 AD2d 589; Matter of Israel, 64 Misc 2d 1035.)
The executrix has the duty to explain her actions particularly to one interested in the estate. Her failure to answer will give rise to her dismissal as a breach of her fiduciary duties. (See SCPA 711, 719.) No matter how broadly drawn, a power of attorney does not allow for the attorney in fact to make a gift to herself of the principal’s property without creating a presumption of impropriety and self-dealing. The situation by its very nature, invites inquiry.
The executrix’ motion to dismiss the objections to the account is denied. The executrix is directed to fully account for all of her actions as attorney in fact.