■ In the Matter of EVELYN K. REEVE, Proposed Conservatee. WILLIAM WICKHAM, Appellant; PATRICIA K. SHIPLEY, Respondent. — In a proceeding pursuant to article 77 of the Mental Hygiene Law, for the appointment of a conservator of the property of Evelyn K. Reeve, proposed conservatee, the petitioner, William Wickham, appeals from an order of the Surrogate's Court, Suffolk County (Signorelli, S.), dated February 2, 1984, which directed him to formally account within 15 days of the date of said order for his acts and proceedings as attorney in fact of the proposed conservatee and stayed all proceedings pending petitioner's compliance therewith.

Order affirmed, with costs payable personally by the petitioner. Petitioner's time to account is extended until 15 days after service upon him of a copy of the order to be made hereon, with notice of entry.

Under the circumstances of this case, it was within the sound discretion of the Surrogate to require petitioner, who has managed and controlled the proposed conservatee's real and personal property since about August 7, 1981, as her attorney in fact or *de facto* conservator, to file an account prior to the appointment of a conservator, covering the period of his stewardship, so the court will be apprised of the nature, value and income of the proposed

conservatee's property (Mental Hygiene Law, § 77.03, subd [b], par [6]), and how it has been managed, so as to aid the court in determining whether there are potential conflicts of interest of which the court ought to be aware before making such appointment.

It is undisputed that the proposed conservatee is possessed of substantial assets. It is also undisputed that the conservatee's condition is such that there is need for the appointment of a conservator. Petitioner concedes that, having acted as a *de facto* conservator, he has a duty to account. His objection to accounting prior to the appointment of a conservator is not well taken. The Legislature intended judicial supervision to insure that the conservatee's welfare and estate will not be jeopardized by potential adverse interests, real or apparent, of the conservator (see *Matter of Klein,* 57 AD2d 895). Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.