OPINION OF THE COURT
George B. Ceresia, Jr., S.
Petitioner, Key Trust Company as coexecutor, seeks to compel the accounting of Patricia S. Milstein, a coexecutor, for her activities as attorney-in-fact of decedent, Dorothy Cohen, from the date of her appointment to the date of death of Dorothy Cohen.
Patricia S. Milstein opposes this application and argues that the court does not have jurisdiction to compel such an accounting. Respondent Milstein argues that the court lacks *1083 authority under SCPA 2205 to order an accounting since the term "Fiduciary” as defined in SCPA 103 (21) does not include an attorney-in-fact.
The proceeding herein is not within the context of another pending proceeding nor ancillary thereto. There does not appear to be any New York case which precisely fits the factual pattern of the instant case. There are, however, cases which are relevant to this case even though not precisely on point.
In Matter of Iannone (104 Misc 2d 5), Surrogate Telesca had before him a proceeding for judicial settlement in which objections were raised that the executrix failed to include in her accounting bank accounts over which she had power of attorney for the decedent. It was alleged that the executrix had used the power of attorney to transfer assets from decedent’s name into her own name. The executrix refused to furnish information concerning these banking transactions claiming that since the transactions occurred prior to decedent’s death and since the funds passed outside the will, she was not required in her capacity as executrix to answer questions concerning the bank accounts. Surrogate Telesca directed the executrix to fully account for all of her actions as attorney-in-fact.
In Matter of Reeve (104 AD2d 369), which concerned a proceeding pursuant to article 77 of the Mental Hygiene Law, the proposed conservator appealed from an order of Surrogate Signorelli which directed him to formally account for his acts and proceedings as attorney-in-fact of the proposed conservatee. The Appellate Division upheld Surrogate Signorelli stating (at 369-370) "Under the circumstances of this case, it was within the sound discretion of the Surrogate to require petitioner, who has managed and controlled the proposed conservatee’s real and personal property since about August 7, 1981, as her attorney in fact or de facto conservator, to file an account prior to the appointment of a conservator, covering the period of his stewardship, so the court will be apprised of the nature, value and income of the proposed conservatee’s property”.
In Estate of Schilback (NYLJ, Oct. 7, 1976, at 7, col 2), Surrogate DiFalco had before him a discovery proceeding in which the original executrix of the estate had given a power of attorney to respondent. It was alleged that the respondent then used the power of attorney to transfer estate funds into *1084 his own name. The administrator c. t. a. sought discovery of assets transferred by the executrix to the respondent pursuant to the power of attorney. Surrogate DiFalco ruled (at 7, col 2) that "Notwithstanding that SCPA 2205 and 2206 does not specifically provide for compulsory accounting by an attorney-in-fact, EPTL 13-2.3 clearly manifests the authority of the surrogate to regulate powers of attorneys in regard to decedent’s estates. The right of a court of equity to compel an accounting where there is a question of a breach of a fiduciary relationship is well established (see Fur & Wool Trading Co. v. Fox, 245 N.Y. 215)”.
In In re Matheron (145 NYS2d 263), an executrix brought an action in Supreme Court against her coexecutor and his wife to compel an accounting for certain money and property belonging to the coexecutors’ deceased father which plaintiff claimed her coexecutor and his wife obtained or used as a result of an alleged misuse of powers of attorney given by the decedent to the defendant coexecutor. The Supreme Court granted the defendant coexecutor’s motion to transfer the action to Surrogate’s Court pointing out (at 264) that "This litigation involves matters for which the Surrogate’s Court is especially adapted. In that forum, the parties can obtain all of the relief which they might obtain in this court. The facts presented satisfy the court that the orderly disposition of all matters relating to this decedent’s estate and the rights of those beneficially interested therein require that the motion be granted”.
The case was then subsequently tried in Surrogate’s Court (see, Bodnar v Matheron, 154 NYS2d 596, 597-598) where, among other rulings made, the Surrogate ruled that " 'Under the pleadings, the admission of the defendant, E. John Matheron, that there were two powers of attorney pursuant to which he drew checks and transferred stock of the decedent is sufficient to entitle the plaintiff to an accounting or at least, to place upon the defendant the burden of going forward with an explanation of his acts as such fiduciary.’ ”
The court has also reviewed the unreported decision in Matter of Burgun (No. 189, at 1970, Sur Ct, Suffolk County, Aug. 28, 1978), where during the course of a discovery proceeding, Surrogate Signorelli directed the respondent to render an accounting concerning his management of the decedent’s affairs while acting as his attorney-in-fact.
The jurisdiction of Surrogate’s Court is very broad and is *1085 limited only by the fact that the proceedings must involve in some matter and to some extent the estate of a decedent. (See, Matter of Piccione, 57 NY2d 278; Matter of Maki v Estate of Ziehm, 55 AD2d 454; Matter of Rothko, 69 Misc 2d 752, affd 40 AD2d 1083.) The broad subject matter jurisdiction of Surrogate’s Court is derived from section 12 of article VI of the NY Constitution and SCPA article 2.
Pertinent parts of section 12 of article VI of the NY Constitution read as follows:
"d. The surrogate’s court shall have jurisdiction over all actions and proceedings relating to the affairs of decedents * * *
"e. The surrogate’s, court shall exercise such equity jurisdiction as may be provided by law.”
SCPA 201 (3) provides "3. The court shall continue to exercise full and complete general jurisdiction in law and in equity to administer justice in all matters relating to estates and the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any action or proceeding, or between any party and any other person having any claim or interest therein, over whom jurisdiction has been obtained as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires.” SCPA 202 further enhánces the broad powers of the Surrogate’s Court by providing that "The proceedings enumerated in this act shall not be deemed exclusive and the court is empowered in any proceeding, whether or not specifically provided for, to exercise any of the jurisdiction granted to it by this act or other provisions of law, notwithstanding that the jurisdiction sought to be exercised in the proceeding is or may be exercised in or incidental to a different proceeding.”
In Matter of Vanderbilt (109 Misc 2d 914), Surrogate Signorelli ruled that Surrogate’s Court had jurisdiction to entertain an accounting proceeding brought by the trustees of a museum. Surrogate Signorelli stated (at 920) that "The Surrogate’s Court is the logical and proper forum for the rendering of an accounting in view of the fact that the grants herein are testamentary grants which involve fiduciary relationships. It is, therefore, irrelevant that the museum’s trustees are not fiduciaries as defined in SCPA 103 (subd 21). The Surrogate’s Courts through this State have entertained proceedings to *1086 account by attorneys in fact (Matter of Schilback, NYLJ, Oct. 7, 1976, p 7, col 2; Matter of Burgun, Surrogate’s Ct, Suffolk County, No. 189, p 1970, Aug. 28, 1978) and by partnerships (Raymond v Davis, 248 NY 67, supra; Matter of Benson, Surrogate’s Ct, Suffolk County, No. 1147, p 1971, July 21, 1977). Neither a 'partner’ nor an 'attorney-in-fact’ is expressly defined as a 'fiduciary’ in SCPA 103 (subd 21), and Surrogate’s Courts have jurisdiction over the rendering of these accounts.” Based upon all of the foregoing, the court concludes that Surrogate’s Court does have jurisdiction to grant the relief requested. Further, the court determines that it is in the best interest of the estate for the court to exercise its discretion and to order an accounting by the attorney-in-fact. Accordingly, the petition of Key Trust Company is granted, and Patricia S. Milstein is directed to formally account within 30 days of the date of service on her of a copy of the order entered hereon, for her acts and proceedings as attorney-in-fact of Dorothy Cohen from the date of the execution of said power of attorney, April 14, 1982, to the death of said Dorothy Cohen on January 14, 1984.